1  GEORGE A. STOHNER, State Bar No. 214508
   MORGAN, LEWIS & BOCKIUS LLP
2  300 South Grand Avenue, 22nd Floor
   Los Angeles, CA 90071-3132
3  Phone: (213) 612-2500
   Fax: (213) 612-2501
4  gstohner@morganlewis.com

5  MEGAN BARRY BOROVICKA, State Bar No. 241205
   One Market, Spear Tower
6  San Francisco, CA 94105
   Tel:    (415) 442-1318
7  Fax:    (415) 442-1001
   mborovicka@morganlewis.com

8
   SARI M. ALAMUDDIN (*Pro Hac Vice Application Pending*)
9  ALLISON N. POWERS (*Pro Hac Vice Application Pending*)
   MORGAN, LEWIS & BOCKIUS LLP
10 77 West Wacker Drive
   Chicago, IL  60601-5094
11 Tel:    (312) 324-1000
   Fax:    (312) 324-1001
12 salamuddin@morganlewis.com
   apowers@morganlewis.com
13
   *Attorneys for the Defendants*
14 DAIICHI SANKYO, INC.

15 *Caption continued on following page*

16                  **UNITED STATES DISTRICT COURT**

17                 **NORTHERN DISTRICT OF CALIFORNIA**

18

19 SARA WELLENS, KELLY JENSEN,
   JACQUELINE PENA, BERNICE
20 GIOVANNI, LARA HOLLINGER,              Case No. C 13-00581 CW
   and JENNIFER BENNIE
21 on behalf of themselves and all others
   similarly situated,                    **DEFENDANT DAIICHI SANKYO,**
22                                         **INC.'S ANSWER AND DEFENSES TO**
                    **Plaintiffs**,        **PLAINTIFFS' CLASS AND**
23                                         **COLLECTIVE ACTION COMPLAINT**
   v.
24
   DAIICHI SANKYO, INC.,
25
                    **Defendant.**
26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

BLAIR J. ROBINSON (*Pro Hac Vice Application Pending*)
A. KLAIR FITZPATRICK (*Pro Hac Vice Application Pending*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
T:  (215) 963-5000
F:  (215) 963-5001
blair.robinson@morganlewis.com
kfitzpatrick@morganlewis.com

*Attorneys for Defendant*
DAIICHI SANKYO, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

Daiichi Sankyo, Inc. ("Defendant") by its undersigned attorneys, answers the Plaintiffs' Class and Collective Action Complaint (the "Complaint") as follows:

## INTRODUCTION

1.      Defendant admits the first sentence of Paragraph 1 of the Complaint and further admits that it employs approximately 3,000 people nationwide.  Defendant further admits that its parent company sells its products worldwide and has a workforce that exceeds thirty thousand. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits that it has a Work-Life:  Part-Time Family Care Policy that permits employees who meet certain criteria to work part-time to care for their newborn children. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant admits that Plaintiffs purport to seek relief under Title VII of the Civil Rights Act of 1964, the Equal Pay Act of 1963, the California Fair Employment and Housing Act, the California Equal Pay Act, and the California Unfair Business Practices Act on behalf of themselves and other purportedly similarly situated employees, but expressly denies that it violated any law, that this case is susceptible to class or collective action treatment, and that Plaintiffs or the putative class are entitled to any relief whatsoever.  Defendant further denies the remaining allegations contained in Paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11.      Paragraph 11 of the Complaint contains legal conclusions, and therefore no response is required.  To the extent a response is required, Defendant admits the allegations

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

1

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1   contained in Paragraph 11 of the Complaint.

2   12.   Paragraph 12 of the Complaint contains legal conclusions, and therefore no

3   response is required.  To the extent a response is required, Defendant admits that it conducts

4   business in the Northern District of California.  Defendant denies the remaining allegations

5   contained in Paragraph 12 of the Complaint.

6   13.   Defendant admits only that Plaintiff Pena has filed a Charge of Discrimination

7   with the California Department of Fair Employment and Housing and the U.S. Equal

8   Employment Opportunity Commission.  Defendant denies the remaining allegations contained in

9   Paragraph 13 of the Complaint.

10   **THE PARTIES**

11   14.   Upon information and belief, Defendant admits the allegations contained in the

12   first sentence of Paragraph 14 of the Complaint.  Defendant admits the remaining allegations

13   contained in Paragraph 14 of the Complaint.

14   15.   Upon information and belief, Defendant admits the allegations contained in the

15   first sentence of Paragraph 15 of the Complaint.  Defendant admits the remaining allegations

16   contained in Paragraph 15 of the Complaint.

17   16.   Upon information and belief, Defendant admits the allegations contained in the

18   first sentence of Paragraph 16 of the Complaint.  Defendant admits the allegations contained in

19   the second sentence of Paragraph 16 of the Complaint.   Defendant denies the remaining

20   allegations contained in Paragraph 16 of the Complaint.

21   17.   Upon information and belief, Defendant admits the allegations contained in the

22   first sentence of Paragraph 17 of the Complaint.  Defendant further admits that Ms. Giovanni

23   worked for Daiichi Sankyo from August 2009 to March 2012 and that, at the time of her

24   resignation, she was a Primary Care Sales Representative I in the Pacific Northwest Region.

25   Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

26   18.   Upon information and belief, Defendant admits the allegations contained in the

27   first sentence of Paragraph 18 of the Complaint.  Defendant further admits that Ms. Hollinger

28   worked for Daiichi Sankyo from August 2008 to August 2012 and that, at the time of her

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

2

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

resignation, she was a Primary Care District Manager in the Pacific Northwest Region. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Upon information and belief, Defendant admits the allegations contained in the first sentence of Paragraph 19 of the Complaint.  Defendant further admits that Ms. Bennie worked for Daiichi Sankyo from October 2006 to March 2012 and that, at the time of her resignation, she was a Cardiovascular Sales Representative II in the Cardiovascular West Region. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.     Defendant admits that it conducts business and has employees in California. Defendant further admits the allegations contained in the final two sentences of Paragraph 20 of the Complaint.  Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

## **FACTUAL ALLEGATIONS**

### A.     **PLAINTIFF SARA WELLENS**

21.     Defendant admits the allegations contained in the first two sentences of Paragraph 21 of the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant admits that Plaintiff Wellens's starting salary was $66,000.  Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant admits that upon her return from maternity leave in July 2011, Plaintiff Wellens elected, and was approved, to work part-time under its Work-Life:  Part-Time Family Care Policy.  Defendant further admits that during Plaintiff Wellens's maternity leave, her regular pay was reduced to account for maternity leave benefits payable by the State of California and that Plaintiff Wellens raised her concerns about the offset with members of Defendant's Human

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

3

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1   Resources department.  Defendant denies the remaining allegations contained in Paragraph 28 of

2   the Complaint.

3       29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

4       30.     Defendant admits that on November 30, 2011, Plaintiff Wellens returned to full-

5   time status.  Defendant further admits that Plaintiff Wellens expressed concerns about her pay

6   during this time frame.  Defendant denies the remaining allegations contained in Paragraph 30 of

7   the Complaint.

8       31.     Defendant admits only that DM Komrosky jokingly made a statement related to

9   taking a group picture as referenced in the third sentence of Paragraph 31.  Defendant denies the

10  remaining allegations contained in Paragraph 31 of the Complaint.

11      32.     Defendant admits that in April 2012, former Regional Director Adam Arana

12  hosted a retention meeting.  Defendant lacks knowledge or information sufficient to form a belief

13  as to the truth of the allegations concerning how Plaintiff Wellens perceived Mr. Arana's alleged

14  behavior.   Defendant denies the remaining allegations contained in Paragraph 32 of the

15  Complaint.

16      33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

17      34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

18      35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

19  **B.      PLAINTIFF KELLY JENSEN**

20      36.     Defendant admits that, in August 2008, it hired Plaintiff Jensen as a Primary Care

21  Sales Representative II and that she has since been promoted to a Primary Care Sales

22  Representative III in Defendant's Southern California Region.  Defendant lacks knowledge or

23  information sufficient to form a belief as to the truth of the remaining allegations contained in

24  Paragraph 36 of the Complaint.

25      37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

26      38.     Defendant denies the allegations contained in Paragraph 38 of the Complaint.

27      39.     Defendant admits that Plaintiff Jensen's starting salary was $65,000.  Defendant

28  denies the remaining allegations contained in Paragraph 39 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

4

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42.    Defendant admits that, during Plaintiff Jensen's maternity leave, when Plaintiff Jensen did not work, other members of her district, including male sales representatives, continued to sell Welchol.  Defendant denies the remaining allegations contained in Paragraph 42 of the Complaint.

43.    Defendant admits that during Plaintiff Jensen's maternity leave, her regular pay was reduced to account for maternity leave benefits payable by the State of California.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Jensen's awareness (or lack thereof) of compensation offsets to which male employees have been subject.  Defendant denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.    Defendant admits that upon her return from maternity leave in July 2012, Plaintiff Jensen elected, and was approved, to work part-time under its Work-Life:  Part-Time Family Care Policy.  Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.    Defendant admits that in September 2012 Plaintiff Jensen sought a promotion to a Specialty Sales Representative position, for which she was not ultimately selected.  Defendant further admits that another female sales employee received the position.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether the employee had childcare responsibilities.  Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.    Defendant admits that District Manager Shane Widener conducted a review of Plaintiff Jensen's performance in or around December 2012.  Defendant denies the remaining allegations contained in Paragraph 46 of the Complaint.

C.    PLAINTIFF JACQUELINE PENA

47.    Defendant admits that it hired Plaintiff Pena in May 2006 as a Primary Care District Manager and that she was promoted in 2009 to a Cardiovascular/Specialty District Manager position.  Defendant is without knowledge or information sufficient to form a belief as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

5

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

to the truth of the allegation that at the time of her hire, Plaintiff Pena had seven years of pharmaceutical sales and management experience. Defendant denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendant admits that during her employment, Ms. Pena qualified for a Gold Cup incentive compensation contest award. Defendant denies the remaining allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant admits that, in Fiscal Year 2008, Plaintiff qualified for, and received, a Gold Cup award. Defendant further admits that for Fiscal Year 2009, Plaintiff Pena's merit increase was prorated because of the length of her leave of absence, in accordance with DSI's policy. Defendant denies the remaining allegations contained in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54.     Defendant admits the allegations contained in Paragraph 54 of the Complaint.

55.     Defendant admits that upon her return from maternity leave in or around late 2011, Plaintiff Pena requested, and was approved, to work part-time under its Work-Life:  Part-Time Family Care Policy, which facilitates bonding time for new parents. Defendant denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendant admits that Joseph Chirco succeeded Plaintiff Pena in her former District Manager position. Defendant denies the remaining allegations contained in Paragraph 60 of the Complaint.

61.     Defendant admits that in or around November 2011, one full-time employee and corresponding territory from Plaintiff Pena's former district was eliminated. Defendant denies

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Chicago

6

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1    the remaining allegations contained in Paragraph 61 of the Complaint.

2        62.    Defendant admits that Plaintiff Pena's salary reduction attendant to her voluntary

3    demotion was larger than that of Jim Warkentin.   Defendant denies the remaining allegations

4    contained in Paragraph 62 of the Complaint.

5        63.    Defendant denies the allegations contained in Paragraph 63 of the Complaint.

6        64.    Defendant denies the allegations contained in Paragraph 64 of the Complaint.

7        65.    Defendant denies the allegations contained in Paragraph 65 of the Complaint.

8        66.    Defendant denies the allegations contained in Paragraph 66 of the Complaint.

9        67.    Defendant admits the allegations contained in Paragraph 67 of the Complaint.

10        68.    Defendant admits that it terminated Plaintiff's employment on November 14,

11    2012.  Defendant denies the remaining allegations contained in Paragraph 68 of the Complaint.

12    **D.    PLAINTIFF BERNICE GIOVANNI**

13        69.    Defendant is without knowledge or information sufficient to form a belief as to the

14    truth of the allegations contained in the second sentence of Paragraph 69 of the Complaint.

15    Defendant admits that it hired Plaintiff Giovanni in August 2009 to work as a Primary Care

16    Pharmaceutical Sales Representative in a territory that includes Oakland, California.   Defendant

17    denies the remaining allegations contained in Paragraph 69 of the Complaint.

18        70.    Defendant denies the allegations contained in Paragraph 70 of the Complaint.

19        71.    Defendant denies the allegations contained in Paragraph 71 of the Complaint.

20        72.    Defendant denies the allegations contained in Paragraph 72 of the Complaint.

21        73.    Defendant denies the allegations contained in Paragraph 73 of the Complaint.

22        74.    Defendant is without knowledge or information sufficient to form a belief as to the

23    truth of the allegations regarding when Plaintiff Giovanni became pregnant.   Defendant admits

24    that Plaintiff Giovanni took maternity leave from July 2011 to January 2012.   Defendant denies

25    the remaining allegations contained in Paragraph 74 of the Complaint.

26        75.    Defendant is without knowledge or information sufficient to form a belief as to the

27    truth of the allegations concerning whether it was difficult for Plaintiff Giovanni to walk to

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1  business meetings.  Defendant denies the remaining allegations contained in Paragraph 75 of the

2  Complaint.

3        76.     Defendant admits, upon information and belief, that Plaintiff Giovanni sought

4  medical attention related to her pregnancy during a Las Vegas business trip.  Defendant is without

5  knowledge or information sufficient to form a belief as to the truth of the remaining allegations

6  concerning the findings from her physician visit.  Defendant denies the remaining allegations

7  contained in Paragraph 76 of the Complaint.

8        77.     Defendant admits that during Plaintiff Giovanni's maternity leave, her regular pay

9  was reduced to account for maternity leave benefits payable by the State of California and that

10  Plaintiff Giovanni raised her concerns about the offset with members of Defendant's Human

11  Resources department.  Defendant admits that Plaintiff Giovanni was overpaid money, which she

12  was requested to repay.  Defendant denies the remaining allegations contained in Paragraph 77 of

13  the Complaint.

14        78.     Defendant denies the allegations contained in Paragraph 78 of the Complaint.

15        79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

16        80.     Defendant admits that, during Plaintiff Giovanni's maternity leave, when Plaintiff

17  Giovanni did not work, other members of her district, including male sales representatives,

18  continued to sell products that Plaintiff Giovanni also had in her portfolio.  Defendant further

19  admits that Plaintiff Giovanni's absence from her territory may have had an impact on her sales

20  rankings.  Defendant denies the remaining allegations contained in Paragraph 80 of the

21  Complaint.

22        81.     Defendant denies the allegations contained in Paragraph 81 of the Complaint.

23        **E.**     **PLAINTIFF LARA HOLLINGER**

24        82.     Defendant is without knowledge or information sufficient to form a belief as to the

25  truth of the allegations contained in the last sentence of Paragraph 82 of the Complaint.

26  Defendant admits that it hired Plaintiff Hollinger in August 2008 as a District Manager, a position

27  she held until she resigned in August 2012.  Defendant denies the remaining allegations contained

28  in Paragraph 82 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

8

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

83.     Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant admits that Glen Mott received a higher merit increase in 2010 than Plaintiff Hollinger.  Defendant further admits that Brian Komrosky received a merit increase of 2.99% in 2012.  Defendant denies the remaining allegations contained in Paragraph 85 of the Complaint.

86.     Defendant admits that John Mo, Shane Widener, and Herbert Van Patton currently are Senior District Managers and that Plaintiff Hollinger was a District Manager throughout her employment with DSI.  Defendant denies the remaining allegations contained in Paragraph 86 of the Complaint.

87.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding February 2011 rumors of a realignment at DSI.  Defendant admits that it later announced a realignment within its sales force and further admits that Plaintiff Hollinger raised concerns with members of Defendant's Human Resources department regarding alleged actions that she perceived that Regional Director Adam Arana took in or around February 2011 in anticipation of the then-rumored realignment.  Defendant denies the remaining allegations contained in Paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.     Defendant admits that Plaintiff Hollinger received a 360 performance review in 2012, about which she raised concerns with members of Defendant's Human Resources department.  Defendant denies the remaining allegations contained in Paragraph 89 of the Complaint.

90.     Defendant admits that Plaintiff Hollinger resigned in August 2012.  Defendant denies the remaining allegations contained in Paragraph 90 of the Complaint.

**G.     PLAINTIFF JENNIFER BENNIE**

91.     Defendant admits the first sentence of Paragraph 91 of the Complaint and further admits that at the time of her resignation, Plaintiff Bennie was a Cardiovascular Sales

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

9

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

Representative II.  Defendant denies the remaining allegations contained in Paragraph 91 of the Complaint.

92.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 92 of the Complaint. Defendant denies the remaining allegations contained in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant admits, upon information and belief, that Plaintiff Bennie was pregnant when she interviewed for and received a promotion in 2010.  Defendant denies the remaining allegations contained in Paragraph 97 of the Complaint.

98.     Defendant admits that Plaintiff Bennie received the promotion she sought while pregnant.   Defendant denies the remaining allegations contained in Paragraph 98 of the Complaint.

99.     Defendant admits that in or around March 2011, Plaintiff Bennie applied for a District Manager position.  Defendant denies the remaining allegations contained in Paragraph 99 of the Complaint.

100.     Defendant admits that Mr. Samac was hired as a District Manager.  Defendant further admits that Mr. Samac was promoted from a different DSI territory into the position and that at the time of his hire, Mr. Samac had not attained a top three percent ranking or Gold Cup award.  Defendant denies the remaining allegations contained in Paragraph 100 of the Complaint.

101.     Defendant denies the allegations contained in Paragraph 101 of the Complaint.

## TITLE VII AND FEHA CLASS ACTION ALLEGATIONS

102.     Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.     Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.     Paragraph 104 contains a quotation to a written document, which speaks for itself and therefore no response is required.  To the extent a response is required, Defendant denies the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

10

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1   allegations contained in Paragraph 104 of the Complaint.

2       105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

3       106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

4       107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

5       108.    Defendant denies the allegations contained in Paragraph 108 of the Complaint.

6       109.    Defendant denies the allegations contained in Paragraph 109 of the Complaint.

7       110.    Defendant denies the allegations contained in Paragraph 110 of the Complaint.

8       111.    Defendant denies the allegations contained in Paragraph 111 of the Complaint.

9       112.    Defendant denies the allegations contained in Paragraph 112 of the Complaint.

10      113.    Defendant denies the allegations contained in Paragraph 113 of the Complaint.

11      114.    Defendant denies the allegations contained in Paragraph 114 of the Complaint,

12  subsections (a) to (h) inclusive.

13      115.    Defendant denies the allegations contained in Paragraph 115 of the Complaint.

14      116.    Defendant admits only that Plaintiffs purport to seek relief on behalf of themselves

15  and a purported class, but expressly denies that it violated any law, that this case is susceptible to

16  class action treatment, and that Plaintiffs or the putative class are entitled to any relief

17  whatsoever.  Defendant further denies the remaining allegations contained in Paragraph 116 of

18  the Complaint.

19      117.    Defendant admits only that Plaintiffs purport to seek relief under Title VII on

20  behalf of themselves and a purported class, but expressly denies that it violated any law, that this

21  case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to

22  any relief whatsoever.  Defendant further denies the remaining allegations contained in Paragraph

23  117 of the Complaint.

24      118.    Defendant admits only that Plaintiffs purport to seek relief under the California

25  FEHA on behalf of themselves and a purported class, but expressly denies that it violated any

26  law, that this case is susceptible to class action treatment, and that Plaintiffs or the putative class

27  are entitled to any relief whatsoever.   Defendant further denies the remaining allegations

28  contained in Paragraph 118 of the Complaint.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Chicago

11

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

119.     Defendant admits only that Plaintiffs purport to seek relief on behalf of themselves and a purported class, but expressly denies that it violated any law, that this case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to any relief whatsoever.  Defendant further denies the remaining allegations contained in Paragraph 119 of the Complaint.

120.     Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.     Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.     Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.     Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124.     Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125.     Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126.     Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127.     Defendant denies the allegations contained in Paragraph 127 of the Complaint, subsections (a) to (f) inclusive.

128.     Defendant denies the allegations contained in Paragraph 128 of the Complaint, subsections (a) to (aa) inclusive**.**

129.     Defendant denies the allegations contained in Paragraph 129 of the Complaint.

130.     Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131.     Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132.     Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133.     Defendant denies the allegations contained in Paragraph 133 of the Complaint.

134.     Defendant admits that the Class Representatives are female.  Defendant denies the remaining allegations contained in Paragraph 134 of the Complaint.

135.     Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136.     Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137.     Defendant admits only that Plaintiffs purport to seek relief on behalf of themselves and a purported class, but expressly denies that it violated any law, that this case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to any relief

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

12

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1    whatsoever.  Defendant further denies the remaining allegations contained in Paragraph 137 of

2    the Complaint.

3         138.    Defendant denies the allegations contained in Paragraph 138 of the Complaint.

4         139.    Defendant lacks knowledge or information sufficient to form a belief as to the

5    truth of the allegations contained in the first sentence of Paragraph 139 of the Complaint.

6    Defendant denies the remaining allegations contained in Paragraph 139 of the Complaint.

7         140.    Defendant denies the allegations contained in Paragraph 140 of the Complaint.

8         141.    Defendant denies the allegations contained in Paragraph 141 of the Complaint.

9         142.    Defendant denies the allegations contained in Paragraph 142 of the Complaint.

10        143.    Defendant denies the allegations contained in Paragraph 143 of the Complaint.

11        144.    Defendant denies the allegations contained in Paragraph 144 of the Complaint.

12              **CALIFORNIA AND FEDERAL EQUAL PAY ACT CLAIMS**

13        145.    Defendant incorporates its Answers to Paragraph 1-144 as if fully set forth at

14    length herein.

15        146.    Defendant admits only that Plaintiffs purport to seek relief under the Equal Pay

16    Act on behalf of themselves and a purported collective, but expressly denies that it violated any

17    law, that this case is susceptible to collective action treatment, and that Plaintiffs or the putative

18    collective class are entitled to any relief whatsoever.  Defendant further denies the remaining

19    allegations contained in Paragraph 146 of the Complaint.

20        147.    Defendant admits only that Plaintiffs purport to seek relief under the Equal Pay

21    Act on behalf of themselves and a purported collective, but expressly denies that it violated any

22    law, that this case is susceptible to collective action treatment, and that Plaintiffs or the putative

23    class are entitled to any relief whatsoever.  Defendant further denies the remaining allegations

24    contained in Paragraph 147 of the Complaint.

25        148.    Defendant admits only that Plaintiffs purport to seek relief under the Equal Pay

26    Act on behalf of themselves and a purported collective, but expressly denies that it violated any

27    law, that this case is susceptible to collective action treatment, and that Plaintiffs or the putative

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

13

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1  class are entitled to any relief whatsoever. Defendant further denies the remaining allegations

2  contained in Paragraph 148 of the Complaint.

3      149.    Defendant denies the allegations contained in Paragraph 149 of the Complaint,

4  subsections (a) to (d) inclusive.

5      150.    Defendant denies the allegations contained in Paragraph 150 of the Complaint.

6      151.    Defendant denies the allegations contained in Paragraph 151 of the Complaint.

7      152.    Defendant admits only that Plaintiffs purport to seek relief under the California

8  Equal Pay Act on behalf of themselves and a purported class, but expressly denies that it violated

9  any law, that this case is susceptible to collective action treatment, and that Plaintiffs or the

10  putative class are entitled to any relief whatsoever. Defendant further denies the remaining

11  allegations contained in Paragraph 152 of the Complaint.

12  **CAUSES OF ACTION**

13  **(INDIVIDUAL AND CLASS/COLLECTIVE ACTION CLAIMS)**

14  **COUNT 1**

15      153.    Defendant incorporates its Answers to Paragraph 1-152 as if fully set forth at

16  length herein.

17      154.    Defendant admits only that Plaintiffs purport to seek relief under Title VII on

18  behalf of themselves and a purported class, but expressly denies that it violated any law, that this

19  case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to

20  any relief whatsoever. Defendant further denies the remaining allegations contained in Paragraph

21  154 of the Complaint.

22      155.    Defendant denies the allegations contained in Paragraph 155 of the Complaint.

23      156.    Defendant denies the allegations contained in Paragraph 156 of the Complaint.

24      157.    Defendant denies the allegations contained in Paragraph 157 of the Complaint.

25      158.    Defendant denies the allegations contained in Paragraph 158 of the Complaint.

26      159.    Defendant denies the allegations contained in Paragraph 159 of the Complaint.

27      160.    Defendant denies the allegations contained in Paragraph 160 of the Complaint.

28      161.    Defendant denies the allegations contained in Paragraph 161 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

14

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

162.    Defendant denies the allegations contained in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations contained in Paragraph 163 of the Complaint.

**COUNT 2**

164.    Defendant incorporates its Answers to Paragraph 1-163 as if fully set forth at length herein.

165.    Defendant admits only that Plaintiffs purport to seek relief under Title VII on behalf of themselves and a purported class, but expressly denies that it violated any law, that this case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to any relief whatsoever.  Defendant further denies the remaining allegations contained in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations contained in Paragraph 166 of the Complaint.

167.    Defendant denies the allegations contained in Paragraph 167 of the Complaint.

168.    Defendant denies the allegations contained in Paragraph 168 of the Complaint.

169.    Defendant denies the allegations contained in Paragraph 169 of the Complaint.

170.    Defendant denies the allegations contained in Paragraph 170 of the Complaint.

171.    Defendant denies the allegations contained in Paragraph 171 of the Complaint.

172.    Defendant denies the allegations contained in Paragraph 172 of the Complaint.

173.    Defendant denies the allegations contained in Paragraph 173 of the Complaint.

**COUNT 3**

174.    Defendant incorporates its Answers to Paragraph 1-173 as if fully set forth at length herein.

175.    Defendant admits only that Plaintiffs purport to seek relief under the Equal Pay Act on behalf of themselves and a purported collective, but denies that it violated any law, that this case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to any relief whatsoever.  Defendant further denies the remaining allegations contained in Paragraph 175 of the Complaint.

176.    Defendant denies the allegations contained in Paragraph 176 of the Complaint.

177.    Defendant denies the allegations contained in Paragraph 177 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

15

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

178.   .Defendant denies the allegations contained in Paragraph 178 of the Complaint.

179.   Defendant denies the allegations contained in Paragraph 179 of the Complaint.

180.   Defendant denies the allegations contained in Paragraph 180 of the Complaint.

181.   Defendant denies the allegations contained in Paragraph 181 of the Complaint.

182.   Defendant denies the allegations contained in Paragraph 182 of the Complaint.

183.   Defendant denies the allegations contained in Paragraph 183 of the Complaint.

## COUNT 4

184.   Defendant incorporates its Answers to Paragraph 1-183 as if fully set forth at length herein.

185.   Defendant admits only that Plaintiffs purport to seek relief under the California FEHA on behalf of themselves and a purported class, but expressly denies that it violated any law, that this case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to any relief whatsoever.   Defendant further denies the remaining allegations contained in Paragraph 185 of the Complaint.

186.   Defendant denies the allegations contained in Paragraph 186 of the Complaint.

187.   Defendant denies the allegations contained in Paragraph 187 of the Complaint.

188.   Defendant denies the allegations contained in Paragraph 188 of the Complaint.

189.   Defendant denies the allegations contained in Paragraph 189 of the Complaint.

190.   Defendant denies the allegations contained in Paragraph 190 of the Complaint.

191.   Defendant denies the allegations contained in Paragraph 191 of the Complaint.

192.   Defendant denies the allegations contained in Paragraph 192 of the Complaint.

193.   Defendant denies the allegations contained in Paragraph 193 of the Complaint.

194.   Defendant denies the allegations contained in Paragraph 194 of the Complaint.

## COUNT 5

195.   Defendant incorporates its Answers to Paragraph 1-194 as if fully set forth at length herein.

196.   Defendant admits only that Plaintiffs purport to seek relief under the California FEHA on behalf of themselves and a purported class, but expressly denies that it violated any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

16

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

law, that this case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to any relief whatsoever.   Defendant further denies the remaining allegations contained in Paragraph 196 of the Complaint.

197.   Defendant denies the allegations contained in Paragraph 197 of the Complaint.

198.   Defendant denies the allegations contained in Paragraph 198 of the Complaint.

199.   Defendant denies the allegations contained in Paragraph 199 of the Complaint.

200.   Defendant denies the allegations contained in Paragraph 200 of the Complaint.

201.   Defendant denies the allegations contained in Paragraph 201 of the Complaint.

202.   Defendant denies the allegations contained in Paragraph 202 of the Complaint.

203.   Defendant denies the allegations contained in Paragraph 203 of the Complaint.

204.   Defendant denies the allegations contained in Paragraph 204 of the Complaint.

**COUNT 6**

205.   Defendant incorporates its Answers to Paragraph 1-204 as if fully set forth at length herein.

206.   Defendant admits only that Plaintiffs purport to seek relief under the California Equal Pay Act on behalf of themselves and a purported class, but expressly denies that it violated any law, that this case is susceptible to collective action treatment, and that Plaintiffs or the putative class are entitled to any relief whatsoever.   Defendant further denies the remaining allegations contained in Paragraph 206 of the Complaint.

207.   Defendant denies the allegations contained in Paragraph 207 of the Complaint.

208.   Defendant denies the allegations contained in Paragraph 208 of the Complaint.

209.   Defendant denies the allegations contained in Paragraph 209 of the Complaint.

210.   Defendant denies the allegations contained in Paragraph 210 of the Complaint.

211.   Defendant denies the allegations contained in Paragraph 211 of the Complaint.

**COUNT 7**

212.   Defendant incorporates its Answers to Paragraph 1-211 as if fully set forth at length herein.

213.   Defendant denies the allegations contained in Paragraph 213 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

17

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

214.   Defendant denies the allegations contained in Paragraph 214 of the Complaint.

215.   Defendant denies the allegations contained in Paragraph 215 of the Complaint.

216.   Defendant denies the allegations contained in Paragraph 216 of the Complaint.

217.   Defendant denies the allegations contained in Paragraph 217 of the Complaint.

218.   Defendant denies the allegations contained in Paragraph 218 of the Complaint.

**COUNT 8**

219.   Defendant incorporates its Answers to Paragraph 1-218 as if fully set forth at length herein.

220.   .Defendant denies the allegations contained in Paragraph 220 of the Complaint.

221.   Defendant denies the allegations contained in Paragraph 221 of the Complaint.

222.   Defendant denies the allegations contained in Paragraph 222 of the Complaint.

223.   Defendant denies the allegations contained in Paragraph 223 of the Complaint.

**COUNT 9**

224.   Defendant incorporates its Answers to Paragraph 1-224 as if fully set forth at length herein.

225.   Defendant admits only that Plaintiffs purport to seek relief under the California Business and Professions Code on behalf of themselves and a purported class, but expressly denies that it violated any law, that this case is susceptible to class action treatment, and that Plaintiffs or the putative class are entitled to any relief whatsoever.   Defendant denies the remaining allegations contained in Paragraph 225 of the Complaint.

226.   Paragraph 226 of the Complaint contains legal conclusions and therefore no response is required.   To the extent a response is required, Defendant admits the allegations contained in Paragraph 226 of the Complaint.

227.   Defendant denies the allegations contained in Paragraph 227 of the Complaint.

228.   Defendant denies that Plaintiffs or the putative classes are entitled to any relief whatsoever.  Defendant further denies the remaining allegations contained in Paragraph 228 of the Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

18

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

**PRAYER FOR RELIEF ON CLASS, COLLECTIVE ACTION, AND**

**INDIVIDUAL CLAIMS**

229.    Defendant denies that Plaintiffs are entitled to any damages or other relief, including the relief described in the "Prayer for Relief on Class, Collective Action, and Individual Claims" section of the Complaint and its subsections A to P.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following defenses without conceding that Defendant bears the burden of proof as to any of the following defenses.

**FIRST DEFENSE**

This action cannot proceed as a class action because the allegations in the Complaint are not suitable for class treatment under Rule 23 of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to those contained in 42 U.S.C. § 2000e(k) et seq., 29 U.S.C. §§ 206 et seq., California Code of Civil Procedure sections 335, 337, 340 and 343, California Government Code sections 12960(d) and 12965(b), and California Business and Professions Code section 17208.

**THIRD DEFENSE**

To the extent that Plaintiffs failed to comply with the statutory and/or jurisdictional prerequisites for the institution of an action under the statutes upon which they rely in the Complaint, their claims are barred and/or diminished.

**FOURTH DEFENSE**

Plaintiffs are not entitled to recover punitive or liquidated damages because Defendant has made a good-faith effort to comply with all applicable anti-discrimination laws and, at all relevant times, has acted reasonably, in good faith and without malice based upon all relevant information and facts and circumstances known by Defendant at the time it acted.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

19

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

**FIFTH DEFENSE**

All of Defendant's employment decisions were based on legitimate factors other than gender, pregnancy, or caregiver status.

**SIXTH DEFENSE**

If Plaintiffs suffered any damages, which Defendant disputes, such damages were proximately or legally caused by the misconduct, neglect and fault of Plaintiffs and/or parties other than Defendant.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred because, should any allegations of unlawful conduct contained in the Complaint be found to have merit (which Defendant denies), Defendant affirms that it took prompt and effective action to remedy any such acts and therefore has no liability for them.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and unclean hands because Plaintiffs, to the extent they suffered any harm, did not act promptly to notify Defendant of the alleged harm.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate, or reasonably attempt to mitigate, their alleged damages.

**TENTH DEFENSE**

Defendant denies that Plaintiffs' gender, pregnancy, caregiver status, or any other impermissible factor played any role in the employment decisions relating to them.  Alternatively, even if some impermissible factor had played a role in any of those decisions, which Defendant denies, the same decisions would have been reached for legitimate, non-discriminatory reasons.

**ELEVENTH DEFENSE**

To the extent Plaintiffs can state a prima facie case of discrimination based on disparate impact, which Defendant denies, Defendant's actions generally and with respect to Plaintiffs individually were job related and consistent with business necessity.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

20

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

**TWELFTH DEFENSE**

Plaintiffs cannot maintain a class or collective action because they lack standing to assert claims individually and/or on behalf of a putative class.

**THIRTEENTH DEFENSE**

Plaintiffs are not "similarly situated" to the putative collection action members and, therefore, the proposed collective actions under the Equal Pay Act is improper.

**FOURTEENTH DEFENSE**

Plaintiffs cannot make a prima facie case under the Equal Pay Act or California Equal Pay Act because they cannot demonstrate a pay disparity between similarly situated males and females, and Defendant based all compensation decisions on reasonable, non-discriminatory reasons.  Alternatively, even if Plaintiffs demonstrate some disparity in compensation, which Defendant denies, the disparity is because of seniority, merit, objective performance, and/or another gender-neutral reason.

**FIFTEENTH DEFENSE**

Defendant at all times exercised good-faith efforts to comply with Title VII, the EPA and California state law.

**SIXTEENTH DEFENSE**

Some Plaintiffs lack standing to bring their claims individually or on behalf of a class.

**SEVENTEENTH DEFENSE**

Defendant alleges that Plaintiffs' failure to report the alleged harassment and/or discrimination, and/or failure to take advantage on a timely basis of any preventative or corrective safeguards, was unreasonable under the circumstances and, more likely than not, using Defendant's internal remedies would have prevented some, if not all, of Plaintiffs' claims damages from occurring.

**EIGHTEENTH DEFENSE**

Defendant alleges that Plaintiffs are barred from recovering damages because Defendant had in place a policy to prevent discrimination and/or retaliation in its workplace and Defendant made good faith efforts to implement and enforce those policies.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

**NINETEENTH DEFENSE**

Defendant alleges that Plaintiffs' claims are barred in whole or in part because prompt and appropriate remedial action was taken by Defendant on all behaviors reported or complained of by Plaintiffs.

**TWENTIETH DEFENSE**

To the extent during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiffs, which wrongdoing would have materially affected the terms and conditions of Plaintiffs' employment or would have resulted in Plaintiffs either being demoted, disciplined, or terminated, such after acquired evidence shall bar Plaintiffs on liability or damages or shall reduce such claims as provided by law.

**TWENTY-FIRST DEFENSE**

To the extent Plaintiffs have suffered any emotional pain, suffering, inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which Defendant denies, some or all of such injuries are due to personal circumstances existing in Plaintiffs' lives during the relevant times or to pre-existing conditions, not to any actions of Defendant.

**TWENTY-SECOND DEFENSE**

To the extent Plaintiffs are entitled to any remedy, which Defendants deny, there is no basis for an award of injunctive relief, for a number of reasons, including but not limited to, Plaintiffs are former employees and the primary relief sought in Plaintiffs' Complaint is monetary damages.

**TWENTY-THIRD DEFENSE**

Prosecution of a representative action and certification of the alleged class as representative of the general public under California Business and Professions Code section 17200, based upon the facts and circumstances of this case, would be an unconstitutional denial of Defendant's right to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Chicago

22

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1

## **TWENTY-FOURTH DEFENSE**

2   Defendant alleges that to the extent Plaintiffs or any purported class member entered into

3   any individual settlement agreement or class action settlement agreement with Defendant, any

4   such individual has released some or all of the claims alleged in Plaintiffs' Complaint.

5

## **TWENTY-FIFTH DEFENSE**

6   Defendant alleges that Plaintiffs' claims for punitive damages are barred by the Due

7   Process Clause and the Excessive Fines Clause of the United States Constitution and the

8   corresponding provisions of the California Constitution.

9

## **RESERVATION OF RIGHTS**

10   Defendant reserve the right to assert such additional defenses that may appear and prove

11   applicable through the course of this litigation.

12   **WHEREFORE**, Defendant respectfully requests that this Court:

13   (a)   dismiss the Complaint in its entirety, with prejudice;

14   (b)   award Defendant its costs in this action, including reasonable attorneys' fees; and

15   (c)   grant to Defendant such other and further relief as the Court deems appropriate.

16

17

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Chicago

23

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

1    Dated: April 12, 2013       Respectfully submitted,

2                                _____
                                 GEORGE A. STOHNER, State Bar No. 214508
3                                300 South Grand Avenue, 22nd Floor
                                 Los Angeles, CA 90071-3132
4                                Phone: (213) 612-2500
                                 Fax: (213) 612-2501
5                                gstohner@morganlewis.com

6                                MEGAN BARRY BOROVICKA, State Bar No. 241205
                                 One Market, Spear Tower
7                                San Francisco, CA 94105
                                 Tel:    (415) 442-1318
8                                Fax:    (415) 442-1001
                                 mborovicka@morganlewis.com
9
                                 SARI M. ALAMUDDIN (*Pro Hac Vice Application Pending*)
10                               ALLISON N. POWERS (*Pro Hac Vice Application Pending*)
                                 MORGAN, LEWIS & BOCKIUS LLP
11                               77 West Wacker Drive
                                 Chicago, IL  60601-5094
12                               Tel:    (312) 324-1000
                                 Fax:    (312) 324-1001
13                               salamuddin@morganlewis.com
                                 apowers@morganlewis.com
14
                                 BLAIR J. ROBINSON (*Pro Hac Vice Application Pending*)
15                               A. KLAIR FITZPATRICK (*Pro Hac Vice Application Pending*)
                                 MORGAN, LEWIS & BOCKIUS LLP
16                               1701 Market Street
                                 Philadelphia, PA 19103
17                               T:  (215) 963-5000
                                 F:  (215) 963-5001
18                               blair.robinson@morganlewis.com
                                 kfitzpatrick@morganlewis.com
19
                                 ***Attorneys for the Defendant***
20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

24

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW

## PROOF OF SERVICE

I am a resident of the State of California, County of _____; I am over the age of eighteen years and not a party to the within action; my business address is One Market Spear Street Tower San Francisco, CA 94105
.

On April 12, 2013, I served on the interested parties in this action the within document(s) entitled:

**DEFENDANT DAIICHI SANKYO, INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEW JERSEY (28 U.S.C. § 1404(A)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[  ]  **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]  **BY E-FILE**:  I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| *By E-File:* | *Attorneys for Plaintiffs* |
|---|---|
| Janette Wipper (SBN 275264)<br>Felicia Medina (SBN 255804)<br>SANFORD HEISLER, LLP<br>555 Montgomery Street, Suite 1206<br>San Francisco, CA 94111<br>(415) 795-2020 (main)<br>(415) 795-2021 (fax)<br>jwipper@sanfordheisler.com<br>fmedina@sanfordheisler.com | |

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on April 12, 2013, at Irvine, California.

_____
Antonia Lee

DB1/ 73852477.7

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
CHICAGO

25

ANSWER AND DEFENSES TO CLASS
AND COLLECTIVE ACTION COMPLAINT
CASE NO. C 13-00581 CW