IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA WELLENS, KELLY JENSEN, JACQUELINE PENA, BERNICE GIOVANNI, LARA HOLLINGER, and JENNIFER BENNIE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>DAIICHI SANKYO COMPANY, INC.,<br><br>        Defendant.<br>_____/ | No. C 13-00581 CW<br><br>ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE (Docket No. 38) |

Defendant Daiichi Sankyo, Inc. (DSI) moves, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the District of New Jersey for the convenience of parties and witnesses and in the interests of justice. Plaintiffs Sara Wellens, Kelly Jensen, Jacqueline Pena, Bernice Giovanni, Lara Hollinger and Jennifer Bennie oppose the motion. The Court having considered the papers DENIES Defendant's Motion to Transfer Venue.

## BACKGROUND

DSI, a pharmaceutical company, began operating in the United States in 2006. DSI is incorporated in Delaware and its principal place of business is Parisppany, New Jersey. Benadon Decl. ¶ 1.

Plaintiffs are all California residents and have been employed by DSI in the state of California. Wellens Decl. ¶ 2; Jensen Decl. ¶ 2; Pena Decl. ¶ 4; Giovanni Decl. ¶ 4; Hollinger Decl. ¶ 4; Bennie Decl. ¶ 4. Plaintiffs seek to represent a California and nation-wide class of "current, former and future

female sales employees in a sales representative and first level district manager role . . . ."  See Compl. ¶¶ 114, 116, 146, 152.

Plaintiffs allege systemic gender discrimination and disparate impact in pay, benefits and promotional and career advancement opportunities under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et seq., as amended; the Equal Pay Act of 1963, 29 U.S.C. § 201, et seq.; the California Fair Employment and Housing Act, Cal. Gov't Code § 12940, et seq.; the California Equal Pay Act, Cal. Lab. Code § 1197.5, and the California Unfair Business Practices Act, Cal. Bus. and Prof. Code §§ 17200, et seq.  Plaintiffs contend that the common employment policies, practices and actions that underpin Plaintiffs' pay, promotion and pregnancy/caregiver employment discrimination claims were implemented, and the effects felt, in California, not New Jersey.  Wellens Decl. ¶ 7.  DSI responds that this may be true for named Plaintiffs' individual claims, but not for Plaintiffs' nationwide class action.

## LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  A district court has broad discretion to adjudicate motions for transfer on a case-by-case basis, considering factors of convenience and fairness.  See Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).  Factors the court may consider include (1) the plaintiff's choice of forum; (2) convenience of the parties;

2

(3) convenience of the witnesses; (4) relative ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. Saleh v. Titan Corp., 361 F. Supp. 1152, 1156 (N.D. Cal. 2005) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000), and Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)).

The movant bears the burden of justifying the transfer by a strong showing of inconvenience. Decker Coal, 805 F.2d at 843. The motion may be denied if the increased convenience to one party is offset by the added inconvenience to the other party. Id. As a general rule, the plaintiff's choice of forum is given significant weight and will not be disturbed unless other factors weigh substantially in favor of transfer. See 28 U.S.C. § 1404(a). However, when the plaintiff represents a class that includes members in other fora, the plaintiff's choice of forum is given less weight. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

Title 42 U.S.C. § 2000e-5(f)(3) provides that Title VII cases:

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial

3

>district in which the respondent has his principal office.  For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

## DISCUSSION

Neither Plaintiffs nor DSI denies that this action could have been brought in the District of New Jersey, but they vigorously contest which forum is most convenient for the parties and witnesses and which promotes the interest of justice.

As a preliminary matter, DSI is correct that "the analysis prescribed for section 1404(a) transfers governs in spite of the fact that a case includes Title VII allegations," and "ample case law supports the basic proposition that the statute does not prohibit transfers away from a plaintiff's chosen forum."  Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530, 537 (N.D. Cal. 2005), overruled in part on other grounds by Ellis v. Costco Wholesale Corp., 657 F.3d 970, 988 (9th Cir. 2011).  However, Plaintiffs are correct that the Title VII venue provision "influences the contours of the section 1404(a) analysis."  Ellis, 372 F. Supp. 2d at 537.

I.  Plaintiffs' Choice of Forum

The parties disagree as to the level of deference to be given to Plaintiffs' choice of forum.

Plaintiffs maintain that their choice of forum should be given deference because their allegations arise under Title VII's special provision and because the named Plaintiffs have worked in California.  The Ninth Circuit has held that "the effect of Title VII's venue provision is to allow suit in the judicial district in

4

which the plaintiff worked." Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 504 (9th Cir. 2000). Moreover, "a plaintiff's choice of forum is entitled to greater deference where a case arises under Title VII." Ellis, 372 F. Supp. 2d at 537.

However, DSI argues that Plaintiffs' choice of forum should not be given "greater deference" under Title VII, because Plaintiffs' suit is brought as a nationwide class and collective action. "[W]here there are hundreds of potential plaintiffs, . . . all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate . . . is considerably weakened." Koster v. Am. Lumbermen's Mut. Cas. Co., 330 U.S. 518, 524 (1947). When plaintiffs represent a class, their choice of forum is given less weight. Lou, 834 F.2d 730, 739. DSI contends that Plaintiffs' choice of forum is weakened because California will not be a favored forum for many of the class members from different states. Def. Mot. 8:12-17.

Koster and Lou are distinguishable because Plaintiffs' claims arise under Title VII, which is governed by a more permissive standard of evaluation that applies deference in class action suits as well as individual actions. Ellis, 372 F. Supp. 2d at 537 ("Where venue is governed by a more permissive standard, a plaintiff's choice of forum is entitled to greater deference as a matter of law, even where that case is brought as a class action.").

DSI also asserts that, because Plaintiffs' nationwide allegations against DSI contend that discrimination resulted from

5

"centralized control" by individuals who worked at corporate headquarters in New Jersey, venue is more proper in New Jersey. Def. Reply 4:5-7. Plaintiffs counter that all of the named Plaintiffs live and work in California and the effects of DSI's alleged discriminatory policies, practices and actions were implemented in California and felt by Plaintiffs in California. Pl's Opp. 2:12-14.

The Ninth Circuit has held that "unless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." Sec. Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985). "Congress expanded the available fora to plaintiffs grieving civil rights violations, thereby expressing intent to broaden a Title VII plaintiff's choice of forum." Ellis, 372 F. Supp. 2d at 537. The Court will give deference to Plaintiffs' choice of forum and this factor weighs against transfer.

II. Convenience of the Parties

The parties dispute which venue is the most convenient forum. DSI asserts that the most convenient venue is New Jersey because ten of the twelve additional opt-in Plaintiffs do not live in California and Plaintiffs' allegations of a "centralized predominately male sales leadership team" will necessitate testimony from several of DSI's New Jersey-based human resources, sales and business leaders, all of whom work and reside in or around the District of New Jersey. Def. Mot. 9:1-7.

However, Plaintiffs respond that all named Plaintiffs reside in, work or have worked in California. Plaintiffs argue that to require them to travel across the country when they have familial

6

obligations in the state of California would cause them hardship and would shift the inconvenience from DSI to themselves.  Pl's Opp. 14:23-26; see Gelber v. Leonard Wood Mem'l for the Eradication of Leprosy, No. C 07-01785, 2007 U.S. LEXIS 47535 (N.D. Cal. 2007) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)).  Where the defendant attempts to shift the inconvenience—and disproportionately so—onto plaintiff, transfer must be denied.  Decker Coal, 805 F.2d at 843.  The Court finds transfer would disproportionately shift the inconvenience from DSI, which is a major corporation that does business in California and has litigated in California, to Plaintiffs.  Thus, this factor weighs against transfer.

III. Convenience of the Witnesses

The parties disagree as to which forum would be most convenient for the parties' witnesses.  The convenience of witnesses is often the most important factor in deciding whether to transfer an action.  Getz v. Boeing Co., 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008).

DSI's potential witnesses are employees or officers of DSI and reside in the District of New Jersey. Def. Mot. 9:6.  The Court, however, discounts inconvenience to the parties' employees, whom the parties can compel to testify.  STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (discounting inconvenience to witnesses when they are employees who can be compelled to testify).

A majority of Plaintiffs' potential witnesses, some of whom are non-party witnesses, reside in California.  Pl's Opp. 16:1-3. The convenience of witnesses includes "a separate but related

7

concern, the availability of compulsory process to bring unwilling witnesses live before the jury." <u>Brackett v. Hilton Hotels Corp.</u>, 619 F. Supp. 2d 810, 820 (N.D. Cal.). Plaintiffs argue that, if DSI's transfer motion is granted, they may lose their non-party witnesses because the witnesses would not be within New Jersey's subpoena power. Pl's Opp. 16:7-10. DSI argues that Plaintiffs have "cobbled up" these non-party witnesses residing in California for the purposes of defeating the transfer motion. Def. Reply 10:24-26. However, DSI fails to provide supporting evidence for this charge. This factor weighs against transfer because Plaintiffs would be prejudiced by not being able to compel their non-party witnesses to testify in New Jersey.

    IV.   Ease of Access to Sources of Proof

The parties disagree as to whether the location of relevant records favors transfer. DSI argues that this factor weighs in favor of transfer because the electronically stored information (ESI) and hard copy documents relevant to the allegations in Plaintiffs' complaint are primarily maintained at DSI's corporate headquarters within the District of New Jersey. Def. Reply 13:24-25. These records include personnel files, job descriptions, promotional materials, policies and procedures (including those relating to employment, compensation and benefit plans and documents). Def. Mot. 12:6-10; Benadon Decl. ¶ 6.

Plaintiffs admit that key evidence can be found in New Jersey. However, Plaintiffs argue the location of the ESI is irrelevant because this evidence can be transferred without grave inconvenience through modern technology. Pl's 21:15-16. "Given technological advances in document storage and retrieval,

8

transporting documents between districts does not generally create a burden." Brackett, 619 F. Supp. 2d at 820.

The Court finds that the burden on DSI of transferring the records to California would be minimal.

V. Remaining Factors

   A. State's Interest in the Controversy

The parties dispute whether New Jersey or California has a greater interest in this controversy. An important consideration in transfer of venue disputes is the "local interest in having local controversies decided at home." Decker Coal, 805 F.2d at 843. DSI argues that the local interest in this controversy is either neutral or favors transfer to New Jersey. Def. Mot. 12:12-14. DSI argues that although Plaintiffs bring California claims, putative class members reside outside of the State and the challenged policies and practices "emanate" from DSI's headquarters in New Jersey—thus favoring transfer to New Jersey. Def. Mot. 12:15-22.

However, Plaintiffs respond that, because all named Plaintiffs have worked, resided and allegedly been subjected to DSI's discriminatory policies in the state of California, California has a strong public interest in deciding this controversy involving its citizens. Lockman Foundation v. Evangelical Alliance Mission, 930 F.2d 764, 771 (9th Cir. 1991). Plaintiffs argue that California's interest in protecting its citizens prevails because named Plaintiffs have filed actions under California's Fair Employment and Housing Act and other California statues. Pl's Opp. 19:7-13.

The Court finds that both states have a relatively equal interest in this matter and views this factor as neutral.

B. Court's Familiarity with the Law

Plaintiffs assert that a Northern District of California court is more familiar with California law underlying Plaintiffs' state class claims and therefore transfer should be denied. Pl's Opp. 18:12-13. However, "other federal courts are capable of applying California law." Foster v. Nationwide Mut. Ins. Co., 2007 U.S. Dist. LEXIS 95240, at *15 (N.D. Cal.). In addition, "where a federal court's jurisdiction is based on the existence of a federal question, as it is here, one forum's familiarity with supplemental state law claims should not override other factors favoring a different forum." Id. at *16.

The Court finds that although it may be more familiar with Plaintiffs' state law claims, there is no reason to believe that the New Jersey court could not successfully apply California law. The Court weighs this factor as neutral in the section 1404 analysis.

C. Districts' Judicial Efficiency

The parties disagree whether transferring this case to the District of New Jersey would promote judicial efficiency. DSI argues transferring this matter to New Jersey will not cause any significant delay and a transfer may promote judicial efficiency because the District of New Jersey moves cases to disposition more quickly. Def. Mot. 13:13-15. Judges in the District of New Jersey handle an average of 570 cases per year compared to 602 cases heard per year in the Northern District of California. Def. Reply 14:12-13; see Chukwu Decl. ¶ 2, Ex. 1.

10

Plaintiffs contend that if this Court is to consider congestion, the focus should be the median time from the filing to trial. Pl's Opp. 22:11-12. In the Northern District, the median time from filing to trial is 32.7 months and in the District of New Jersey the median time from filing is 35.6 months. Chukwu Decl. ¶ 2, Ex. 1.

The Court finds that this factor is neutral because the backlogs are not disproportionate taking either method into consideration.

VI. Balancing of Factors

DSI fails to meet its burden of establishing that the balance of inconveniences weighs heavily in favor of transfer to the District of New Jersey. As noted above, Plaintiffs' choice of forum is afforded deference, which is increased because they allege Title VII claims. Accordingly, Plaintiffs' choice of forum will not be disturbed.

CONCLUSION

For the forgoing reasons, Defendant's Motion to Transfer Venue (Docket No. 38) is DENIED.

IT IS SO ORDERED.

Dated: 6/25/2013

CLAUDIA WILKEN
United States District Judge