

GEORGE A. STOHNER, State Bar No. 214508
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071-3132
Tel:  (213) 612-2500
Fax: (213) 612-2501
gstohner@morganlewis.com

ALISON B. WILLARD, State Bar No. 268672
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Tower
San Francisco, CA 94105
Tel:     (415) 442-1311
Fax:    (415) 442-1001
awillard@morganlewis.com

SARI M. ALAMUDDIN (*Pro Hac Vice*)
ALLISON N. POWERS (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL  60601-5094
Tel:     (312) 324-1000
Fax:    (312) 324-1001
salamuddin@morganlewis.com
apowers@morganlewis.com

*Attorneys for the Defendant*
DAIICHI SANKYO, INC.

*Caption continued on following page*

| | |
|---|---|
| SARA WELLENS, KELLY JENSEN, JACQUELINE PENA, BERNICE GIOVANNI, LARA HOLLINGER, and JENNIFER BENNIE on behalf of themselves and all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>DAIICHI SANKYO, INC.<br><br>DEFENDANT. | Case Number: C 13-0581 WHO<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SUPPLEMENTAL JOINT CASE
MANAGEMENT STATEMENT
Case No. C 13-00581 WHO

BLAIR J. ROBINSON (*Pro Hac Vice*)
A. KLAIR FITZPATRICK (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
T:  (215) 963-5000
F:  (215) 963-5001
blair.robinson@morganlewis.com
kfitzpatrick@morganlewis.com

*Attorneys for Defendant*
**DAIICHI SANKYO, INC.**


Janette Wipper (SBN 275264)
Felicia Medina (SBN 255804)
Chioma Chukwu (SBN 288502)
**SANFORD HEISLER, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
(415) 795-2020 (main)
(415) 795-2021 (fax)
jwipper@sanfordheisler.com
fmedina@sanfordheisler.com
cchukwu@sanfordheisler.com

*Attorneys for Plaintiffs*

2

**SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND REPORT**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)**

Defendant Daiichi Sanyo, Inc. ("Defendant") and Plaintiffs Sara Wellens, Kelly Jensen, Jacqueline Pena, Bernice Giovanni, Lara Hollinger, and Jennifer Bennie ("Plaintiffs") (jointly "the Parties") submit this Supplemental Case Management Statement in accordance with the Court's Order following the Case Management Conference ("CMC") on August 6, 2013. (Dkt. No. 46.)  As discussed at the August 6, 2013 CMC, the Parties have agreed in principle to a phased approach to discovery into two phases, Phase I and Phase II.  The parties propose that Phase I discovery be completed by January 31, 2014.  At the conclusion of Phase I, the parties would meet and confer regarding discovery deficiencies and additional discovery to be conducted in Phase II.  The parties will then submit a Joint Statement to the Court outlining the proposed Phase II discovery or, at a minimum, the areas of disagreement that remain.

Full discovery will commence in Phase I on class and merits issues and will not be bifurcated.  Federal Rule of Civil Procedure will govern limitations on discovery in Phase I and II.

**A.      Phase I Discovery On Which The Parties Are In Agreement.**

Since the August 6, 2013 CMC, the parties have sought to define the contours of Phase I discovery, to assess burden, and to agree on scope and process.  On August 9, 2013, Plaintiffs proposed an initial set of categories of documents that should be included in Phase I.  On August 16, 2013, Defendant submitted a counter-proposal.  Since then, additional discussions have been ongoing.  The Parties anticipate continuing to confer in the days leading up to the August 27, 2013 CMC and may present a second supplemental statement on or before the date of the conference.

To date, the parties have agreed that Phase I discovery will include the following:[1]

- Classwide employment data;

- Employment policies and practices related to the claims asserted in the Complaint (pay, promotion, pregnancy, caregiver, leave, part-time/flexible work schedules, performance management, and other personnel policies and practices);

- Documents reflecting changes in employment policies and practices;

- Organizational charts reflecting Defendant's organizational structure;

- Documents reflecting DSI's training policies and practices that relate to anti discrimination/harassment, as well as training materials that relate to the policies/practices that are related to the case;

- Job descriptions for positions in the field sales organization and human resources that support the sales organization;

- Internal or external job, analyses, assessments or market surveys that are related to the case;

- Aggregate workforce data, reports and studies that are related to the case;

- Promotion or "High Potential" promotion lists for the field sales organization and additional information and correspondence regarding management development and/or the LEAP program;

- Information regarding Short Term Disability and Defendant's Short Term Disability Providers, including policies, pertinent portions of contracts, and related information.

- Documents reflecting diversity initiatives, affirmative action plan data/memos, proposals to management, focus group notes, surveys, affinity groups, and working group reports that are related to the case;

---

[1] Discovery is already underway.  To date, Defendant has produced more than 7,000 pages of documents, as well as data consisting of 32 total tables, 175 total fields 2,805 unique employees, and 182,446 total records.   In the coming weeks, while the discussions about the details of Phase I discovery continue, Defendant will continue to supplement its document productions.  Plaintiffs have also produced documents and will continue to supplement its production as required by applicable rules.  Plaintiffs have also provided deposition dates for some of the named Plaintiffs.

- Internal and external audit information, and internal and external equity pay, promotion, and leave analyses.  (The parties are still negotiating the scope of this request); and

- EEO-1 reports.  (The parties are still negotiating the scope of this request).

The Parties also agree that depositions of corporate representatives and fact witnesses, including the Named Plaintiffs will be part of Phase I discovery.

**B.    Status Of Discussions Relating To Other Phase I Discovery Issues.**

The parties continue to discuss the appropriate limitations of discovery into (1) implementation of policies and procedures; (2) what Plaintiffs describe as "anecdotal evidence" of gender discrimination; (3) "formal and informal" complaints of discrimination; (4) the temporal scope of the productions; and (5) other discovery requests.  The parties seek to balance Plaintiffs' position that they need the requested discovery to meet their burden on class certification with Defendant's position that the requested discovery, as currently defined, may cause undue burden to Defendant.  Defendant agrees to articulate a basis for its relevance and burden arguments.

**C.    Electronically Stored Information.**

Finally, insofar as ESI is concerned, the parties generally are in agreement that the best approach is to seek that discovery through negotiated search terms and custodians and pursuant to an agreed ESI protocol wherein sources of ESI are disclosed, information related to burden can be assessed, a transparent quality control process is agreed upon.  The Parties will request entry of a Stipulated Electronically Stored Information Discovery Order.

* * *

A more fulsome update will be provided at the August 27th CMC and in the further supplemental Case Management Statement that may be submitted.

Dated: August 20, 2013

1

2

3

*/s/ Allison N. Powers*

GEORGE A. STOHNER (SBN 214508)
ALISON B. WILLARD (SBN 268672)
SARI M. ALAMUDDIN, *pro hac vice*
ALLISON N. POWERS, *pro hac vice*
BLAIR J. ROBINSON, *pro hac vice*
A. KLAIR FITZPATRICK, *pro hac vice*

**Attorneys for Defendant
DAIICHI SANKYO, INC.**

*/s/ Felicia Medina*

Janette Wipper (SBN 275264)
Felicia Medina (SBN 255804)
Chioma Chukwu (SBN 288502)

**Attorneys for Plaintiffs**

DB1/ 75431214.5

Case No. C 13-0851 WHO – SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 26(F)