UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA WELLENS, et al.,<br>    Plaintiffs,<br>v.<br>DAIICHI SANKYO, INC.,<br>    Defendant. | Case No. 13-cv-00581-WHO<br><br>**ORDER ON DISCOVERY DISPUTE**<br>Re: Dkt. No. 56 |

Currently before the Court is a discovery dispute over the temporal scope of discovery and the scope of discovery pertaining to discrimination complaints. Docket No. 56.

As to the temporal scope, plaintiffs ask the Court to compel defendant to produce discovery from 2008 on, in order to allow plaintiffs to develop evidence of hostility, intent, and notice with respect to plaintiffs' discrimination and Equal Pay Act claims. Defendants have produced some of the requested data (for any employee who was employed during the class period) but argues that plaintiffs are not entitled to personnel data relating to other individuals whose claims are timed barred and who are not included within the class definition. For the reasons discussed in the Court's September 18, 2013 telephonic conference with the parties, the Court ORDERS defendant to produce discovery from 2008 on. The requested discovery is relevant to plaintiffs' claims and defendants have failed to demonstrate why the production is unduly burdensome. If, after defendant runs the ESI search terms agreed to by the parties, defendant can make a particularized showing that for certain categories of responsive documents review and production would be unduly burdensome, they may do so.

As to the scope of discovery pertaining to discrimination complaints, defendant has agreed to produce all actual discrimination complaints, but not the "related" documents, including notes, investigations, ensuing discipline, etc. Plaintiffs argue that production of the "related to"

documents is essential for their claim that defendant failed to comply with its own EEO policies, necessary for commonality/typicality issues that will arise at class certification, and efficient (because defendant will be reviewing the complaint files in the first instance to determine whether the complaint is related to discrimination). Defendant argues that production of all related documents at this stage defeats the purpose of phasing discovery. Defendant also contends that after reviewing the complaints, the parties will be able to intelligibly negotiate which case files for specific complaints should be produced. Having considered the argument raised, the Court ORDERS defendant to produce the documents related to the discrimination complaints that are maintained in hard copy and/or in a centralized location. The Court sees no efficiency in phasing the discovery between the discrimination complaints and their related documents when the related documents are presumably located in the same place as the complaints themselves and will be readily accessible to defendants. As to complaints that are located only as a result of an ESI search, and not maintained in hard copy or at a central location, defendants do not at this time need to conduct further searches for related documents but may be required to do so upon plaintiffs' further request.

**IT IS SO ORDERED**.

Dated: September 30, 2013



WILLIAM H. ORRICK
United States District Judge