# EXHIBIT A

ALISON B. WILLARD, State Bar No. 268672
One Market, Spear Tower
San Francisco, CA 94105
Tel: (415) 442-1311
Fax: (415) 442-1001
awillard@morganlewis.com

GEORGE A. STOHNER, State Bar No. 214508
SARI M. ALAMUDDIN (*Pro Hac Vice*)
ALLISON N. POWERS (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
Tel:   (312) 324-1000
Fax:   (312) 324-1001
gstohner@morganlewis.com
salamuddin@morganlewis.com
apowers@morganlewis.com

*Attorneys for the Defendant*
DAIICHI SANKYO, INC.

*Caption continued on following page*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA WELLENS, KELLY JENSEN, JACQUELINE PENA, BERNICE GIOVANNI, LARA HOLLINGER, and JENNIFER BENNIE on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs**,<br><br>v.<br><br>DAIICHI SANKYO, INC.,<br><br>**Defendant.** | Case No. C 13-00581 WHO<br><br>**DEFENDANT DAIICHI SANKYO, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO OPT-IN PLAINTIFF CAROL VAUGHN** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO

1
2  BLAIR J. ROBINSON, *pro hac vice*
   1701 Market Street
3  Philadelphia, PA 19103
   T:  (215) 963-5000
   F:  (215) 963-5001
4  blair.robinson@morganlewis.com

5  *Attorneys for Defendant*
   DAIICHI SANKYO, INC.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Daiichi Sankyo, Inc., by and through its attorneys, hereby request that Opt-In Plaintiff Carol Vaughn produce the following designated documents for inspection and copying at the offices of Morgan, Lewis & Bockius, LLP, 77 West Wacker Drive, Chicago, IL 60201, in a form to be mutually agreed upon by the parties, no later than thirty (30) days after service of this request. In responding to these Requests, the following instructions and definitions shall apply:

**DEFINITIONS**

A.  **"**Document" or "Documents**"** are used in these Requests in their broadest sense, and means all tangible items, all electronically stored information ("ESI" as defined below), and all writings, drawings, graphs, charts, photographs, sounds recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. This definition includes originals, copies, or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, *e.g.*, metadata, regardless of origin or location, which is within the scope of Rule 26 of the Federal Rules of Civil Procedure.

B.  "Person" and "persons" as used in these Requests means and includes, without limiting the generality of its meaning, any natural or individual person, corporation, firm, partnership, association, governmental body, agency or subdivision, committee, commission, or other organization or entity.

C.  "Contact" or "communication" shall mean all modes of conveying meaning or information including, without limitation, ESI, telephone, facsimile, written or spoken language between two persons.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO

D.     "Concerning," "relate to," "refer to," and " pertaining to" are intended to encompass any and all documents, including ESI, relating to, referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, summarizing, showing, describing, reflecting, analyzing, constituting, or in any way relevant to the underlying facts of the specified subject of the particular Request within the meaning of Rule 26 of the Federal Rules of Civil Procedure.

E.     "Complaint" and "this Action" shall mean the Complaint filed by the Plaintiff against Defendant in the above-entitled and numbered case.

F.     "ESI" shall mean all electronically stored information, including but not limited to computer files, electronic mail, information on social media or other websites (*e.g.*, Facebook, LinkedIn, MySpace, Twitter, blogs), information stored on "smart" or other internet and text capable cellular phone or tablet device (*e.g.*, iPad), and any other discoverable internet data.  ESI includes native file formats without alteration or deletion of any associated information, like metadata.

G.     "Health care provider" shall mean any doctor or other practitioner of medical science or healing arts, including but not limited to counselors, nurses, chiropractors, psychologists, psychiatrists, social workers, physical therapists, and hospitals, clinics, hospices and other institutions providing health care.

H.     "Plaintiff" shall mean Carol Vaughn, her attorneys, agents, representatives and all other persons acting or purporting to act on behalf of Carol Vaughn.

I.     "You" and "your" shall refer to Carol Vaughn, unless otherwise noted.

J.     "Defendant" shall refer to Defendant Daiichi Sankyo, Inc.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

2

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO

## **INSTRUCTIONS AND MANNER OF PRODUCTION**

A. Each Request is to be answered separately and specifically. No answer is to be left blank. If the answer to a Request or subparagraph of a Request is "none" or "unknown," such statement must be written in the answer. If the answer to the entire question is not known, so state and answer the part known. If an exact date is not known, state the closest approximate date.

B. In responding to these Requests, produce all documents that are available to you, including documents in the possession of your attorneys, investigators or experts, and not merely documents in your own personal possession. If you or any of your agents, including your attorneys, are aware of the existence of any document within the scope of these Requests that is not within the custody, possession or control of you or your agents, please identify any such document in a written response to the request and provide information about who has possession, custody or control over the document.

C. When a Request calls for documents or facts that relate to a claim or contention, produce documents that are inconsistent with as well as those that support such claim or contention.

D. If you object to any part of any Request, you must answer all parts of that Request to which you do not object, and state the specific bases for your objection to any part to which you do object, describe generally the document or information that is withheld and set forth the facts upon which you rely as the basis for each such objection.

E. In the event that you claim that a Request is overly broad or unduly burdensome, you should respond to that portion of the Request which is unobjectionable and specifically identify the manner in which the Request is allegedly overly broad or burdensome.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO

F.  If you claim that an answer, in whole or in part, to any Request or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject matter and state with particularity the nature and basis of its claim of privilege or other reason that the information is protected from discovery.

G.  These Requests are deemed continuing in nature and call for prompt supplemental production whenever you receive or discover additional information covered by these Requests. You are hereby notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your responses to these Requests should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, thought correct and complete when made, is no longer true and complete.

H.  Compliance with the Genetic Information Nondiscrimination Act. The Genetic Information Nondiscrimination Act of 2008 (GINA) prohibits employers and other entities covered by GINA Title II from requesting or requiring genetic information of an individual or family member of the individual, except as specifically allowed by this law. To comply with this law, we are asking that you not provide any genetic information when responding to this request. "Genetic information," as defined by GINA, includes an individual's family medical history, the results of an individual's or family member's genetic tests, the fact that an individual or an individual's family member sought or received genetic services, and genetic information of a fetus carried by an individual or an individual's family member or an embryo lawfully held by an individual or family member receiving assistive reproductive services.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO

## REQUESTS FOR PRODUCTION

1. All documents that relate to your educational background, specialized training, work experience, and/or job skills, including but not limited to, all resumes and job applications.

2. All documents that you maintain or have maintained as personal records, notes, calendars and/or diaries during or after your employment with DSI that relate to your employment with DSI.

3. All documents that relate to your communications, correspondence, meetings, presentations, or discussions with any officer, agent or employee of DSI, including any superior, co worker, former co worker, supervisor, peer or subordinate, concerning your allegations of discrimination in compensation on the basis of gender.

4. All documents that relate to any conversation or communication between you and any person concerning your allegations of discrimination in compensation on the basis of gender.

5. All documents that relate to any communications or contacts involving you (or any individual acting on your behalf) and any prospective or actual plaintiff in this case (whether identified or unidentified), or any current or former employee of DSI, regarding opting into, joining, participating, or otherwise becoming involved in any way in this action, including all documents responding to such communications.

6. All documents in your possession, custody, and/or control that relate to any instances of discrimination in compensation at DSI on the basis of an employee's gender.

7. All documents that support your claim that during your employment, "Daiichi Sankyo paid [you] less than men who performed similar work," as set forth in Paragraph 2 of the Consent to Join Collective Action and Become a Party Plaintiff form that you signed in connection with this Action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO

| | |
|---|---|
| Dated: December 20, 2013 | Respectfully submitted, |

*[signature]*

GEORGE A. STOHNER, State Bar No. 214508
ALISON B. WILLARD, State Bar No. 268672
SARI M. ALAMUDDIN (*Pro Hac Vice*)
ALLISON N. POWERS (*Pro Hac Vice*)
BLAIR J. ROBINSON (*Pro Hac Vice*)

*Attorneys for Defendant*
DAIICHI SANKYO, INC.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

6

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO

**CERTIFICATE OF SERVICE**

    I, Allison N. Powers, an attorney of record for the Defendant in the above-referenced matter, certify that on December 20, 2013, I served the foregoing via electronic email and secure file transfer upon the following counsel for Plaintiff:

Janette Wipper
Felicia Medina
Chioma Chukwu
SANFORD HEISLER, LLP
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
jwipper@sanfordheisler.com
fmedina@sanfordheisler.com
cchukwu@sanfordheisler.com

_____
Allison N. Powers

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

FIRST SET OF REQUESTS FOR PROD.
DIRECTED TO CAROL VAUGHN
CASE NO. C 13-00581 WHO