**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              NORTHERN DISTRICT OF CALIFORNIA

10

11   SARA WELLENS,                              No. C-13-00581-WHO  (DMR)

12            Plaintiff(s),                     **ORDER RE: JOINT DISCOVERY
                                                LETTER [DOCKET NO. 64]**
13        v.

14   DAIICHI SANKYO INC,

15            Defendant(s).
     _____/

16

17          Before the court is a joint discovery letter filed by Plaintiffs and Defendant Daiichi Sankyo,

18   Inc. [Docket No. 64.]  Plaintiffs move to compel Defendant to produce the names and contact

19   information for certain of Defendant's sales employees.  A hearing was held on the letter on

20   February 27, 2014.  For the reasons stated below and at the hearing, Plaintiffs' motion to compel is

21   **granted in part.**

22                                 **I.  BACKGROUND**

23   **A.  Factual Allegations**

24          Defendant manufactures and sells cardiovascular, diabetes, and metastatic melanoma

25   therapies and pharmaceuticals.  Compl. [Docket No. 1] ¶ 1.  Plaintiffs are current and former female

26   sales employees of Defendant.  *Id.* ¶¶ 14-19.  In this lawsuit, Plaintiffs bring class and collective

27   claims alleging violations of Title VII, California Fair Employment and Housing Act, the Equal Pay

28   Act, the California Equal Pay Act, and the California Unfair Business Practices Act, in their

individual capacities, and on behalf of certain current, former, and future female sales employees of Defendant. *See generally* Compl.

Plaintiffs aver that the putative class consists of approximately 1,500 female sales employees. Letter at 3. Plaintiffs list approximately ninety of these putative class members in their Initial Disclosures. *Id.* Eighteen putative class members have already opted into this case. *Id.*

**B. Class-Related Data Produced to Date**

On May 8 and 23, 2013, Plaintiffs requested personnel data regarding Defendants' sales employees, including their names, contact numbers, and addresses, as well as demographic information (e.g., gender, age, marital status, ethnicity, and number of children) and employment history (e.g. dates of employment and termination; job titles, functions, and descriptions; and pay and benefits information). Letter Ex. A, Request for Production of Documents Nos. 1, 31. On July 22, 2013, Defendants produced the requested information except for the names and contact information of the sales employees. Defendant anonymized the information by giving each employee a unique identifier in lieu of using his or her name. Plaintiffs now move for the production of putative class members'[1] names and contact information—specifically, Plaintiffs request that the court "compel the production of class members' names and contact information that is linked to Defendant's [previously-produced anonymous] data." Letter at 4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the

---

[1] Plaintiffs' discovery requests sought information for Defendant's sales employees not restricted to any particular gender. At the hearing, Plaintiffs' counsel clarified that for purposes of this discovery letter Plaintiffs seek only contact information for putative class members, i.e. certain female sales employees.

**United States District Court**
For the Northern District of California

1  burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana*

2  *Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

3  "District courts have broad discretion to control the class certification process, and whether

4  or not discovery will be permitted  lies within the sound discretion of the trial court." *Vinole v.*

5  *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

6  ### III. DISCUSSION

7  Plaintiffs argue that even though Defendant has provided employment information that is

8  suitable for statistical analysis, Plaintiffs nevertheless require the names and contact information of

9  the female sales employees.  Plaintiffs intend to contact these putative class members for

10  investigatory purposes to gather evidence in support of class certification.  Plaintiffs note that

11  anecdotal evidence of their personal experiences is important to bring "the cold [statistical proof]

12  convincingly to life." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 339 (1977) (Title VII

13  class action).  Letter at 2.

14  Defendant resists the production of the putative class member contact information for several

15  reasons, each of which is discussed below.

16  **A.  Prima Facie Case or Evidence Substantiating Class Allegations**

17  First, Defendant argues that the putative class contact information is not discoverable until

18  Plaintiffs can make a prima facie showing that they can satisfy the requirements for class

19  certification under Federal Rule of Civil Procedure 23.  Defendant's arguments here are unavailing.

20  The Supreme Court has recognized the importance of permitting class counsel in Rule 23 actions to

21  communicate with potential class members for the purpose of gathering information, even prior to

22  class certification.  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981).  *See also Vinole*, 571 F.3d

23  at 942 ("Although a party seeking class certification is not always entitled to discovery on the class

24  certification issue, the propriety of a class action cannot be determined in some cases without

25  discovery."); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the

26  better and more advisable practice for a District Court to follow is to afford the litigants an

27  opportunity to [obtain material through discovery in order to demonstrate] whether a class action

28

1    was maintainable . . . especially when the information is within the sole possession of the

2    defendant.").

3         District courts do not abuse their discretion by refusing to allow pre-certification discovery

4    where the plaintiff failed to show either a prima facie case for class relief under Rule 23 or that

5    discovery was likely to produce substantiation of the class allegations.  *See Doninger, supra*

6    (holding that class certification was properly denied without discovery where plaintiffs could not

7    make a *prima facie* showing of Rule 23's prerequisites or that discovery measures were "likely to

8    produce persuasive information substantiating the class action allegations"); *Mantolete v. Bolger*,

9    767 F.2d 1416 (9th Cir. 1985) (holding that district court did not abuse discretion by denying pre-

10   certification discovery where plaintiff merely cited "two other complaints filed elsewhere" by

11   similar plaintiffs against the same defendant to demonstrate a likelihood that discovery would

12   substantiate class allegations).  However, this court agrees with the observation that "nothing in

13   *Doninger* and *Mantolete* . . . suggests that a prima facie showing is mandatory in all cases, and it

14   very well may be the case that courts routinely do not require such a showing."  *Kaminske v. JP*

15   *Morgan Chase Bank N.A.,* 2010 WL 5782995, at *2 (C.D.Cal. May 21, 2010).

16        Nevertheless, Plaintiffs *have* demonstrated that discovery from putative class members may

17   lead to anecdotal evidence not captured in the pay and benefits data produced by Defendants, that

18   such evidence is important to bring discrimination claims "convincingly to life," and as such may

19   substantiate Plaintiffs' arguments for class certification.[2]  The court will therefore exercise its

20   discretion to permit discovery of putative class members' contact information.

21   **B.  Existing Access to Some Putative Class Members**

22        Second, Defendant also argues that Plaintiffs' motion to compel should not be granted

23   because Plaintiffs already have access to and contact information for a number of putative class

24   members.  Defendant points to *Krzesniak v. Cendant Corp.*, in which the court denied the plaintiff's

25   request for contact information of all 76 putative class members where the plaintiff had already

26

27        [2]  Because the court finds that Plaintiffs have shown that the discovery sought is likely to
substantiate the class allegations, the court declines to consider whether Plaintiffs have stated a prima
28   facie case for class relief.

**United States District Court**
For the Northern District of California

1  spoken to six putative class members and it was "unclear why these individuals would not provide

2  Plaintiff with adequate information to move for class certification."  No. 05-cv- 5156 MEJ, 2007

3  WL 756905 (N.D. Cal. Mar. 8, 2007).

4  However, *Krzesniak* can be distinguished from this lawsuit because it primarily involved

5  wage and hour claims, which arguably requires less qualitative information than the discrimination

6  claims presented here.  Furthermore, simply because Plaintiffs have already located some putative

7  class members is not reason alone to prevent Plaintiffs from getting the contact information for

8  additional members; otherwise, the court would effectively penalize Plaintiffs' counsel for having

9  engaged in efforts to locate putative class members.  Defendant concedes that production of class

10  member contact information presents no appreciable burden.  The court therefore finds that the value

11  to Plaintiffs of having the contact information outweighs any minimal burden on Defendant of

12  producing such information.

13  **C.  Privacy Concerns**

14  Defendant have also objected to Plaintiff's discovery request on the basis of privacy,

15  including specifically California's privacy laws.  The California Supreme Court has held that

16  "[c]ontact information regarding the identity of potential class members is generally discoverable, so

17  that the lead plaintiff may learn the names of other persons who might assist in prosecuting the

18  case."  *Pioneer Electronics (USA), Inc. v. Superior Court,* 40 Cal. 4th 360, 373 (2007).  The

19  disclosure of putative class members' contact information typically "involves no revelation of

20  personal or business secrets, intimate activities, or similar private information, and threatens no

21  undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches."

22  *Id. See also Gulf Oil*, 452 U.S. at 89-90 (district court abused its discretion by imposing ban on

23  communications between counsel and any potential class member without the court's prior approval;

24  such an order involves serious restraints on the parties' First Amendment rights to expression and

25  should therefore be based on a clear record and specific findings reflecting a weighing of the need

26  for a limitation and potential interference with the parties' rights).

27  Furthermore, the parties in this case have entered into a stipulated protective order to govern

28  "confidential, proprietary, or private information for which special protection from public disclosure

United States District Court

For the Northern District of California

1    and from use for any purpose other than prosecuting this litigation." [Docket No. 49.] Courts have

2    held that producing discovery pursuant to a protective order is one way to protect the privacy

3    interests of putative class members. *Pioneer Electronics*, 40 Cal. 4th at 373; *Benedict v.*

4    *Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186 at *2 (N.D. Cal. June 25, 2013)

5    (noting that "numerous courts in the Northern District of California have allowed pre-certification

6    discovery of putative class members' confidential information subject to a protective order, without

7    requiring prior notice to the putative class members") (quotations omitted). Defendant has not

8    explained why the protective order here would not protect its concerns about its employees' privacy

9    with respect to the disclosure of putative class members' names and contact information.  The court

10   therefore finds that the production of the names and contact information pursuant to the existing

11   protective order adequately attends to  class member privacy concerns.

12        Defendants have also produced demographic and employment information about its sales

13   employees in its anonymized production of information, such that if Defendant linked that

14   information to specific individuals, Plaintiffs would have access to employees' employment, salary,

15   training and promotion history, marital and dependents status.  The parties have not fully briefed the

16   court on whether pre-certification disclosure of this information raises additional privacy concerns,

17   and if so, whether or not they should be subject to further protections.  At the hearing, the parties

18   agreed to further meet and confer about the issue and submit a fully briefed joint discovery letter if

19   they are unable to resolve the dispute without court intervention.

20   **D.  Improper Solicitation**

21        Finally, Defendant expresses concern that Plaintiffs would use the contact information in

22   order to solicit class membership through direct communication, "improperly circumvent[ing] the

23   judicially-approved notice process."  Letter at 6.  Defendant's refusal to produce information about

24   the putative class based on this concern is without merit.  There is no evidence that Plaintiffs have or

25   will behave improperly with respect to soliciting class membership.  The court will not preemptively

26   deny Plaintiffs discovery to which they are entitled based on Defendant's speculative concern that

27   Plaintiffs will use it improperly, especially when other measures (e.g. sanctions) exist to discourage

28   such behavior. *See Gulf Oil*, 452 U.S. at 104 ("We recognize the possibility of abuses in

class-action litigation, and agree with petitioners that such abuses may implicate communications with potential class members. But the mere possibility of abuses does not justify routine adoption of a communications ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules. There certainly is no justification for adopting [a communications ban] in the absence of a clear record and specific findings of need . . . . Indeed, in many cases there will be no problem requiring remedies at all.").

### IV.  CONCLUSION

Plaintiffs' request for the names, addresses, and phone numbers of putative class members is a reasonable, narrow request directly relevant to the issue of class certification.  Accordingly, the court grants this aspect of Plaintiffs' motion to compel.  Defendant must provide the requested information, subjects to the conditions above, by **March 10, 2014**.

IT IS SO ORDERED.

Dated:  March 5, 2014



Judge Donna M. Ryu

DONNA M. RYU
United States Magistrate Judge

United States District Court
For the Northern District of California