United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SARA WELLENS,                                    No. C-13-00581 DMR

         Plaintiff(s),                          **ORDER RE: JOINT DISCOVERY LETTER [DOCKET NO. 69]**

    v.

DAIICHI SANKYO INC,

         Defendant(s).
_____/

      Before the court is a joint discovery letter filed by Plaintiffs and Defendant Daiichi Sankyo, Inc. [Docket No. 69.]  Defendant seeks to take the deposition of ten women who have opted in to the putative Equal Pay Act class alleged in this case.  Defendant also seeks responses to written discovery from a total of seventeen opt-ins.  Plaintiffs have filed a motion for conditional certification of the Equal Pay Act class (*see* Docket No. 78) and oppose the discovery at this time.  Defendant now moves to compel this discovery.

## I. BACKGROUND

**A. Factual Allegations**

      Defendant manufactures and sells cardiovascular, diabetes, and metastatic melanoma therapies and pharmaceuticals.  Compl. [Docket No. 1] ¶ 1.  Plaintiffs are current and former female sales employees of Defendant.  *Id.* ¶¶ 14-19.  Plaintiffs bring class and collective claims alleging violations of Title VII, California Fair Employment and Housing Act, the Equal Pay Act, the

California Equal Pay Act, and the California Unfair Business Practices Act, in their individual capacities, and on behalf of certain current, former, and future female sales employees of Defendant. *See generally* Compl.

Plaintiffs aver that the putative class consists of approximately 1,500 female sales employees. Docket No. 64 at 3. Plaintiffs list approximately ninety of these putative class members in their Initial Disclosures. *Id.* Seventeen putative class members have already opted into this case. Letter at 1.

**B. Motion for Conditional Class Certification**

On March 6, 2014, after the instant discovery letter was filed, Plaintiffs filed a motion for conditional class certification. [Docket No. 78.] The motion includes thirty-one declarations, six from the named Plaintiffs and 25 from former or current employees.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

## III. DISCUSSION

Defendant argues that the requested discovery will assist the court in determining the motion for conditional class certification because it will shed light on whether the opt-in Plaintiffs are similarly situated. Plaintiffs respond that discovery regarding opt-in Plaintiffs is premature, and urge the court to delay the discovery until after the motion for conditional class certification has been determined.

"To maintain a collective action under the [Fair Labor Standards Act ("FLSA")][1] a plaintiff must demonstrate that the putative collective action members are similarly situated." *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 837 (N.D. Cal. 2010) (quotation omitted). In this district, courts use a two-step process in making this determination:

> Neither the FLSA nor the Ninth Circuit have defined "similarly situated." But a majority of courts have adopted a two-step approach for determining whether a class is "similarly situated." Under this approach, a district court first determines, based on the submitted pleadings and affidavits, whether the proposed class should be notified of the action. At the first stage, the determination of whether the putative class members will be similarly situated is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. District courts have held that conditional certification requires only that plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision.
>
> The second-step usually occurs after discovery is complete, at which time the defendants may move to decertify the class. In this step, the court makes a factual determination about whether the plaintiffs are similarly situated by weighing such factors as (1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appeared to be individual to each plaintiff, and (3) fairness and procedural considerations. If the district court determines that the plaintiffs are not similarly situated, the court may decertify the class and dismiss the opt-in plaintiffs' action without prejudice.

*Harris*, 716 F. Supp. 2d at 837 (citations omitted).

In applying this two-step approach, some courts have held that the plaintiff bears a "very light burden in substantiating allegations at this stage." *Prentice v. Fund for Public Interest Research, Inc.*, No. 06-cv-7776-SC, 2007 WL 2729187, at * 2 (N.D. Cal. Sept. 18, 2007) ("Given that a motion for conditional certification usually comes before much, if any, discovery, and is made in anticipation of a later more searching review, a movant bears a very light burden in substantiating its allegations at this stage."). *See also Labrie v. UPS Supply Chain Solutions, Inc.*, No. 08-cv-3182-PJH, 2009 WL 723599, at *6 (N.D. Cal. March 18, 2009) ("SCS opposes conditional certification on the ground that plaintiffs have failed to demonstrate that members of the proposed collective action are 'similarly situated.'. . . . The court finds that SCS's arguments raise issues primarily going to the merits and are more appropriately addressed on a motion to decertify or motion for summary judgment once notice has been given, the deadline to opt-in has passed, and discovery is closed.").

---

[1] The Equal Pay Act is an amendment to the FLSA. 29 U.S.C. § 206.

As such, some courts have declined to consider evidence offered by defendants in opposition to a plaintiff's motion for conditional class certification. *See, e.g.*, *Sanchez v. Sephora USA, Inc.*, No. 11-cv-03396-SBA, 2012 WL 2945753, at *4 (N.D. Cal. July 18, 2012) ("[F]ederal courts are in agreement that evidence from the employer is not germane at the first stage of the certification process, which is focused simply on whether notice should be disseminated to potential claimants."); *Harris*, 716 F. Supp. 2d at 838 ("A plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing. A handful of declarations may suffice . . . . The fact that a defendant submits competing declarations will not as a general rule preclude conditional certification."). *Accord Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 628 (E.D. Cal. 2009) ("In determining whether plaintiffs have met this standard, courts need not consider evidence provided by defendants.").

Instead, courts have held that such evidence is relevant in the second stage of the class certification analysis, in the defendant's motion to decertify the conditionally certified class. *See, e.g.*, *Cranney v. Carriage Services, Inc.*, No. 07-cv-1587-RLH PAL, 2008 WL 2457912, at *3 (D. Nev. June 16, 2008) (where class has been conditionally certified, "fairness dictates the defendants should be permitted to conduct enough [individualized] discovery [from opt-in plaintiffs] to support a motion to decertify the conditionally certified class.").

On the other hand, some courts have permitted discovery by the defendant, including discovery regarding opt-in plaintiffs, prior to conditional class certification. *Green v. Harbor Freight Tools USA, Inc.*, No. 09-cv-2380-JAR, 2010 WL 686263 (D. Kan. Feb. 23, 2010) (granting defendants' request to depose four opt-in plaintiffs prior to conditional certification). *See also Lewis v. Wells Fargo & Co.*, 669 F.Supp.2d 1124 (N.D. Cal. 2009) (on motion for conditional class certification, considering evidence from both plaintiffs and defendant, including deposition testimony and declarations from opt-in plaintiffs submitted *by plaintiffs*); *Velasquez v. HSBC Finance Corp.*, 266 F.R.D. 424, 428 (N.D. Cal. 2010) (citing to deposition testimony of putative class members submitted *by plaintiffs* in decision to deny conditional class certification).

In this case, the requested discovery regarding opt-in Plaintiffs is premature. Because conditional class certification requires Plaintiffs to make only a minimal showing that class members

4

are similarly situated and subjected to common policies, courts in this district generally do not consider evidence provided by defendants in determining conditional class certification. Any evidence Defendant collects from the opt-in Plaintiffs will be more relevant to Defendant's anticipated decertification motion, which occurs later in the case, than to Plaintiffs' motion for conditional class certification.

In addition, Plaintiffs argue that allowing early depositions will expose class members to multiple deposition sessions, since the EPA opt-ins are also members of the Title VII class and Defendant is likely to redepose these plaintiffs on their other claims. Multiple depositions could require Plaintiffs to defend out-of-state depositions more than once. Defendant does not dispute that it will seek additional depositions of the same individuals. In light of the "lenient" standard in the first step of two-step conditional certification process, allowing multiple depositions of the same individuals is in this case unwarranted and inefficient. Should the court grant conditional certification, Defendant will have the opportunity to conduct discovery to prepare for a motion for decertification.

Accordingly, Defendant's motion to compel is **denied**.

IT IS SO ORDERED.

Dated: April 11, 2014



DONNA M. RYU
United States Magistrate Judge