ALISON B. WILLARD, State Bar No. 268672
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Tower
San Francisco, CA 94105
Tel: (415) 442-1311/Fax: (415) 442-1001
awillard@morganlewis.com

GEORGE A. STOHNER, State Bar No. 214508
SARI M. ALAMUDDIN (Pro Hac Vice)
ALLISON N. POWERS (Pro Hac Vice)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
Tel:    (312) 324-1000/Fax:   (312) 324-1001
gstohner@morganlewis.com
salamuddin@morganlewis.com
apowers@morganlewis.com

BLAIR J. ROBINSON (*Pro Hac Vice*)
A. KLAIR FITZPATRICK (*Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
T: (215) 963-5000
F: (215) 963-5001
blair.robinson@morganlewis.com
kfitzpatrick@morganlewis.com

*Attorneys for Defendant*
*Caption continued on following page*

| | |
|---|---|
| SARA WELLENS, KELLY JENSEN, JACQUELINE PENA, BERNICE GIOVANNI, LARA HOLLINGER, and JENNIFER BENNIE on behalf of themselves and all others similarly situated,<br><br>**PLAINTIFFS**,<br><br>v.<br><br>DAIICHI SANKYO, INC.<br><br>**DEFENDANT**. | Case Number: C 13-0581 WHO<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT PURSUANT TO L.R. 16-10(d)** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FURTHER JOINT CASE MANAGEMENT STATEMENT
Case No. C 13-00581 WHO

1  Felicia Medina (SBN 255804)
   Chioma Chukwu (SBN 288502)
2  Elizabeth Gropman (SBN 294156)
   **SANFORD HEISLER, LLP**
3  555 Montgomery Street, Suite 1206
   San Francisco, CA 94111
4  (415) 795-2020 (main)
   (415) 795-2021 (fax)
5  fmedina@sanfordheisler.com
   cchukwu@sanfordheisler.com
6  egropman@sanfordheisler.com

7  *Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FURTHER JOINT CASE MANAGEMENT STATEMENT**
**PURSUANT TO LOCAL RULE 16-10(d)**

Defendant Daiichi Sanyo, Inc. ("Defendant") and Plaintiffs Sara Wellens, Kelly Jensen, Jacqueline Pena, Bernice Giovanni, Lara Hollinger, and Jennifer Bennie ("Plaintiffs") (jointly "the Parties") submit this Further Joint Case Management Statement ("CMS") in accordance with Local Rule 16-10(d) and the Court's April 28, 2014 Order continuing the Case Management Conference ("CMC") to May 14, 2014. (Dkt. No. 117.)  The last CMC occurred on February 11, 2014.  Since that time, the Parties completed briefing on Plaintiffs' motions for conditional Equal Pay Act ("EPA") certification and equitable tolling, continued substantive discussions related to the discovery of Electronically Stored Information ("ESI") and worked to resolve a number of discovery-related issues that have arisen.  Defendant also continued to supplement its production of documents.  These issues and discovery generally are addressed in greater detail below.

## I.  DISCOVERY

### A.  Status Of Phase I Discovery.

In August 2013, the Parties agreed in principle to a phased approach to discovery into two phases, Phase I and Phase II.  In the August 20, 2014 CMS, the Parties proposed that Phase I discovery be completed by January 31, 2014, with further meetings and conferences regarding discovery deficiencies and additional discovery to be conducted in Phase II.  The Parties agreed that Phase I discovery would primarily be comprised of Company documents and information, including, but not limited to:

- Classwide employment data;
- Employment policies and practices related to the claims asserted in the Complaint (pay, promotion, pregnancy, caregiver, leave, part-time/flexible work schedules, performance management, and other personnel policies and practices);
- Documents reflecting changes in employment policies and practices;
- Organizational charts reflecting Defendant's organizational structure; and
- Job descriptions for positions in the field sales organization and human resources that support the sales organization.

In addition, on September 30, 2013, the Court ordered Defendant to produce discovery from January 1, 2008 onward and to produce documents related to the discrimination complaints that are maintained in hard copy and/or in a centralized location. (Dkt. No. 57.)[1]

While Defendant is continuing to produce documents on a rolling basis, Phase I document discovery is substantially complete. To date, Defendant has produced more than 31,260 pages of documents. The Parties are cooperating to identify and produce any outstanding documents that may remain.

Insofar as depositions are concerned, Defendant has deposed all six named plaintiffs.

**B.    Status Of Discussions Relating To Discovery of ESI.**

The Parties anticipate commencing discovery of Electronically Stored Information ("ESI") in the coming months. The terms of the ESI plan are still under discussion but are close to being finalized.

## II.  PENDING MOTIONS

On March 6, 2014, Plaintiffs filed a Motion to Conditionally Certify a Equal Pay Act collective (the "Motion to Conditionally Certify") (Dkt. No. 78) and a Motion for Equitable Tolling (Dkt. No. 84.) The Motion for Equitable Tolling was fully briefed as of April 2, 2014. Following the court's granting of a contested motion for extension to file a response to the Motion to Certify (see Dkt. Nos. 83, 86, 87) and resolution of the opt-in discovery dispute, DSI filed its opposition to the Motion to Certify on April 21, 2014, and Plaintiffs replied on April 28, 2014. Both motions are fully briefed and will be heard on May 14, 2014, in conjunction with the CMC.

## III.  PROPOSED CASE MANAGEMENT SCHEDULE FOR PHASE II

The Parties have met and conferred about a possible case management schedule. The Parties anticipate that Phase II discovery and Plaintiffs' Rule 23 class certification briefing will conclude by April of 2015. However, in light of likely changes to the schedule depending on the Court's rulings on the pending motions, the Parties propose to submit a final schedule

---

[1] As of January 21, 2014, subsequent discovery issues have been referred to Magistrate Judge Donna M. Ryu ("Judge Ryu") for resolution. (Dkt. No. 65.) Since that time, two issues, involving production of putative class member contact information and Defendant's request to seek opt-in discovery, have been presented to Judge Ryu. Both issues were resolved in Plaintiffs' favor. (See Dkt. Nos. 75, 99.) There are currently no other pending discovery disputes.

either 14 days after the Court's denial of the Motion to Certify or 14 days after the close of the opt-in period should the Court grant the Motion to Certify.

## IV.  THE PARTIES' VIEWS ON ADR

The Parties do not believe that engaging in settlement discussions would be appropriate at this stage of the litigation.

* * *

A more fulsome update will be provided at the May 14th CMC.

Dated: May 7, 2014

/s/ Sari M. Alamuddin
GEORGE A. STOHNER (SBN 214508)
ALISON B. WILLARD (SBN 268672)
SARI M. ALAMUDDIN, *pro hac vice*
ALLISON N. POWERS, *pro hac vice*
BLAIR J. ROBINSON, *pro hac vice*
A. KLAIR FITZPATRICK, *pro hac vice*

**Attorneys for Defendant**
**DAIICHI SANKYO, INC.**

/s/ Felicia Medina
Felicia Medina (SBN 255804)
Chioma Chukwu (SBN 288502)
Elizabeth Gropman (SBN 294156)

**Attorneys for Plaintiffs**

DB1/ 78935707.8