# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

SARA WELLENS, KELLY JENSEN, JACQUELINE PENA, BERNICE GIOVANNI, LARA HOLLINGER, and JENNIFER BENNIE
on behalf of themselves and all others similarly situated,

       Plaintiffs,

v.

DAIICHI SANKYO, INC.

       Defendant.

Case No. C 13-00581 WHO

**ORDER: (1) PROVISIONALLY CERTIFYING SETTLEMENT CLASSES AND COLLECTIVE ACTION; (2) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT; (3) APPROVING CLASS NOTICE AND NOTICE PLAN; (4) SETTING SCHEDULE FOR FINAL APPROVAL**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and upon the Court's review of exhibits annexed to such motion, including the Settlement Agreement and exhibits thereto, the Court now FINDS, CONCLUDES and ORDERS as follows:

## I.    JURISDICTION

This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Settlement Class, as defined below.

## II.    CERTIFICATION OF SETTLEMENT CLASS AND EQUAL PROTECTION ACT COLLECTIVE ACTION

1.   The proposed Settlement Classes are as follows:

**California Settlement Class**: All female sales force employees who are or were employed in a sales representative and/or first level district manager role, including, without limitation, Sales Representative; Sales Representative I-V; Sales Specialist; Senior Sales Specialist; Senior Sales Professional; Cardiovascular ("CV") Specialty Sales Representative; CV Specialty Sales Representative I-III; Senior CV Specialty Sales Representative; Senior CV Specialty Sales Professional; Hospital Representative; Hospital Representative I-3; Senior Hospital Sales Representative; Hospital Sales Specialist; and Primary Care, CV, and Hospital District Manager in DSI's sales organization in California for at least one day between April 16, 2011 and October 16, 2015.

**Non-California Settlement Class**: All female sales force employees who are or were

employed in a sales representative and/or first level district manager role, including, without limitation, Sales Representative; Sales Representative I-V; Sales Specialist; Senior Sales Specialist; Senior Sales Professional; Cardiovascular ("CV") Specialty Sales Representative; CV Specialty Sales Representative I-III; Senior CV Specialty Sales Representative; Senior CV Specialty Sales Professional; Hospital Representative; Hospital Representative I-3; Senior Hospital Sales Representative; Hospital Sales Specialist; and Primary Care, CV, and Hospital District Manager in DSI's sales organization in the United States for at least one day between April 16, 2011 and October 16, 2015.

2.     Members of the Settlement Classes allege claims for gender discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Equal Pay Act, 29 U.S.C. §§ 206 *et seq.* ("The Equal Pay Act") and, with respect to the California Settlement Class, the California Fair Employment and Housing Act, Cal. Gov't Code §§12940 *et seq.*.

3.     For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, the Court FINDS and CONCLUDES that the Settlement Classes described above satisfy all of the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Because certification of the Settlement Classes is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems. Accordingly, the Court preliminarily CERTIFIES these Settlement Classes under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

4.     For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, the Court designates those Settlement Class Members who have returned Consent-to-join forms a certified collective action under the Equal Pay Act, 29 U.S. Code § 206, pursuant to 29 U.S. Code §216(b). The Court FINDS and CONCLUDES that such Settlement Class Members who have returned Consent-to-join forms are similarly situated.

## III.    APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

1.     For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, the Court finds that Class Representatives Sara Wellens, Kelly      Jensen,      Jacqueline      Pena,      Bernice      Giovanni,      Lara      Hollinger,

and Jennifer Bennie have claims typical of Class Members and are adequate representatives of Class Members. The Court appoints them to serve as Class Representatives.

2. For settlement purposes only, and without any effect whatsoever in the event that the settlement is not consummated, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints as Class Counsel, David Sanford, Esq., Felicia Medina, Esq. and Yonina Alexander, Esq. of SANFORD HEISLER KIMPEL, LLP to represent the Settlement Classes for purposes of the Settlement.

## IV.    PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

The Court has reviewed the terms of the Settlement Agreement and Plaintiffs' description of the settlement in the Motion papers. The Court has also read and considered the declarations submitted by Plaintiffs in support of preliminary approval. Based on review of those papers, and the Court's familiarity with this case, the Court concludes that the settlement and Settlement Agreement are the result of extensive, arm's length negotiations between the Parties after they investigated the class claims and became familiar with the strengths and weakness of Plaintiffs' case. The assistance of an experienced mediator in the settlement process confirms that the Settlement is non-collusive. Based on that review, and the Court's familiarity with the issues in the case, the Court concludes that the proposed Settlement Agreement has no obvious defects and is within the range of possible settlement approval, such that notice to the Class is appropriate.

IT IS THEREFORE ORDERED THAT:

1. The Court PRELIMINARILY APPROVES the Settlement Agreement as being fair, reasonable and adequate, subject to the right of any Class Member to challenge the fairness, reasonableness or adequacy of the Settlement Agreement and to show cause, if any exists, why a final judgment dismissing this case and all released claims and awarding attorneys' fees and expenses to Class Counsel, should not be entered following a Final Fairness Hearing.

2. As of the date hereof, all discovery and other proceedings in this case are STAYED until further order of this Court, except as may be necessary to implement the Settlement Agreement.

3.      Based on the terms of the Settlement Agreement, each Class Member shall receive a monetary award from the "Core Component" under Section 5.1(i) of the Settlement Agreement. The calculation of each proportionate share will be based on the total Workweeks of all Proposed Class Members and the number of Workweeks worked by each Proposed Class Member, based on the applicable damages period as defined by the Settlement Agreement.

4.      Pursuant to CAFA, 28 U.S.C. § 1715, Defendant shall serve upon the appropriate State Official in which any Proposed Class Member resides, as determined by DSI's records, a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. §1715.

5.      Should the Settlement Agreement receive final approval, the Court will retain jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement for (2) years following the "Effective Date," as defined in Section 3.1(r) of the Settlement Agreement.

## V.    CONFIDENTIALITY AND EFFECT OF TERMINATION

1.      If the settlement is terminated as provided in the Settlement Agreement, then, in such event, the Settlement Agreement, including any amendment(s) thereof, and this Order, shall be deemed null and void *ab initio*, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, as set forth in the Settlement Agreement, and each party shall be restored to his, her, or its respective position as of the date and time immediately prior to the execution of the Settlement Agreement.

2.      All negotiations and information and materials pertaining in any way to the Settlement Agreement or the settlement of the Lawsuit will be inadmissible and remain confidential to the fullest extent permitted by law, as set forth in the Settlement Agreement.

## VI.   OTHER CASES ENJOINED

The Court orders that, pending Final Approval, each member of the Settlement Class who does not request exclusion is preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that

challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with this Settlement Agreement.

## VII.   APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE AND CLAIM FORM

1.     The Parties have also submitted for this Court's approval a proposed Class Notice, which the Court has carefully reviewed. The Court FINDS and CONCLUDES as follows:   The Court hereby APPROVES the substance, form and manner of the Notice of Proposed Class Action Settlement (the "Notice"), attached as Exhibit A to this Order.   The Parties are directed to mail the Notice to the Class pursuant to the Settlement Agreement following the entry of this Order.   Because the Settlement Agreement does not contemplate mailing the Claim Form to the Class until after Final Approval, the Court defers ruling on the Claim Form until that time.

2.     The Court finds and concludes that the proposed plan for distributing the Notice and Claim Form ("Notice Materials") will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements.

## VIII.   PROCEDURE FOR FINAL APPROVAL OF THE SETTLEMENT

### 1.     Fairness Hearing

Based on the deadlines set forth in the Settlement Agreement, a Final Fairness Hearing shall take place on February 10, 2016 at 2:00 p.m. in the courtroom of the Honorable William H. Orrick at the United States District Court for the Northern District of California, Courtroom 2, 17th floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, to determine whether the proposed settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and whether this action should be dismissed pursuant to the settlement.

### 2.     Deadline to Request Exclusion from the Settlement

Class Members shall be bound by the judgments in this case unless such Class Members request exclusion from the Settlement Class in a timely and proper manner, as herein provided.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A Class Member requesting exclusion shall send a written request for exclusion by mail, postmarked within sixty (60) days after the postmark date of the Notice to the Claims Administrator, at the address designated in the Notice. A Class Member must sign the request for exclusion and state her name, address and telephone number in the request. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

**3.    Deadline for Filing Objections to Settlement and Settlement Agreement**

The Court will consider objections to the Settlement if such written objections are filed with the Clerk of the Court, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, postmarked within sixty (60) days after the postmark date of the Notice. Class Members who fail to submit objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement Agreement.

**4.    Deadline for Submitting Claims Forms After Final Approval**

Based on the terms of the Settlement Agreement, a Class Member shall be eligible to receive a monetary award from the "Claim Form Component" under Section 5.1(ii) of the Settlement Agreement if the Class Member submits a Claim Form to the Claims Administrator postmarked within (60) days after the Court grants final approval of the Settlement Agreement. The postmark date of the submitted Claim Form shall be the exclusive means of determining whether a Claim Form is timely.

**5.    Deadline for Petition for Attorneys' Fees**

Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses no later than fourteen (14) days before the Fairness Hearing.

**6.    Deadline for Petition for Approval of Service Payments**

Class Counsel shall file with this Court their petition for an award of service fees no later than fourteen (14) days before the Fairness Hearing.

**IX.    NAMED PLAINTIFFS' AND CLASS MEMBERS' RELEASE**

If, at the Fairness Hearing, this Court grants Final Approval to the Settlement and

Settlement Agreement, Named Plaintiffs and each individual Settlement Class Member who does not timely opt out will release claims, as set forth in the Settlement Agreement, by operation of this Court's entry of the Judgment and Final Approval, regardless of whether she submits a Claim Form or receives any share of the Settlement Fund.

**X.     APPOINTMENT OF CLAIMS ADMINISTRATOR**

RUST CONSULTING, INC., One Market Plaza, Suite 1275, San Francisco, CA 94105 is hereby appointed Claims Administrator and shall perform the duties set forth in the Settlement Agreement.

IT IS SO ORDERED, this 16th day of October, 2015.



HONORABLE WILLIAM H. ORRICK

UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

# Exhibit A

**THIS IS A NOTICE OF A PROPOSED CLASS ACTION SETTLEMENT FROM THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SARA WELLENS, KELLY JENSEN, JACQUELINE PENA, BERNICE GIOVANNI, LARA HOLLINGER, and JENNIFER BENNIE on behalf of themselves and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DAIICHI SANKYO, INC., <br><br> Defendant. | **Case No. C 13-00581 WHO** |

**If you are a woman who is, or was, employed as a SALES REPRESENTATIVE or DISTRICT SALES MANAGER for DAIICHI SANKYO, INC. in the United States at any time from April 16, 2011 through October 16, 2015, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

Please read this Notice carefully. This Notice describes a proposed settlement (the "Settlement") of a pending gender discrimination class action lawsuit and your rights under this Settlement, including your right to receive money from this Settlement.  If you do not want to be part of this Settlement, this Notice details the steps you must take to be excluded from it.

## SUMMARY OF SETTLEMENT

On February 11, 2013, Plaintiffs Sara Wellens, Kelly Jensen, Jacqueline Pena, Bernice Giovanni, Lara Hollinger, and Jennifer Bennie filed a class action complaint against Daiichi Sankyo, Inc. ("DSI") in the United States District Court for the Northern District of California on behalf of themselves and all current and former DSI female sales representatives and first-level sales managers for gender discrimination in employment, including pay, promotion to District Manager and pregnancy discrimination. The Class Representatives litigated this gender discrimination case against DSI for over two years until the parties reached a final settlement agreement in August 2015.

The settlement makes available a Total Settlement Fund of $8,200,000, plus other benefits to the Class, as described in this Notice.  As a former or current female sales force employee, you are eligible to participate in the settlement benefits.

DSI denies any liability or wrongdoing of any kind associated with the claims alleged in this lawsuit and this Settlement is in no way an admission by DSI that it engaged in any unlawful behavior.

The Court has preliminarily approved the Settlement. Before deciding whether to grant final approval to the Settlement, the Court wishes to inform you of the general terms of the Settlement, and what actions you need to take to participate in the benefits provided by the settlement.

The Court will hold a Settlement Hearing to consider whether the Settlement is fair, reasonable, and adequate, and to decide whether to give final approval to this Settlement. The hearing will be held at 2:00 p.m. on February 10, 2016, in the courtroom of the Honorable William H. Orrick at the United States District Court for the Northern District of California, Courtroom 2, 17th floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. If the Settlement is granted final approval by the Court after the Settlement Hearing, the Court's judgment will be final and binding. You are not required to appear at the hearing. If you are a Class Member you will be represented by attorneys for the Class at no cost to you.

**If you wish to remain a Class Member and receive a share of the monetary relief, you do not have to do anything in response to this Notice.**

If you wish to have an opportunity to receive an additional share of the monetary relief for your alleged promotion to District Manager discrimination, sexual harassment, retaliation and emotional distress damages, you will be required to complete and submit a Claim Form, including any supporting documentation and information, within 60 days after the date the Court grants final approval of the Settlement (which will occur on or after February 10, 2016).  A Claim Form will be mailed to you within 15 days after the date the Court grants final approval of the Settlement.

**If you wish to opt-out and exclude yourself from the settlement or object to it, this Notice will describe the procedures to do so.**

For additional information, you may contact Class Counsel, as listed on page 11, or visit www.sanfordheisler.com.

2

## <u>SUMMARY OF INFORMATION PROVIDED IN THIS NOTICE</u>

Purpose of this Notice ………………………………………………………………………... 4

Background of this Gender Discrimination Lawsuit ……………………………………………… 4

Class Definition—You are a Member of the Settlement Class …………………………………… 5

Summary of Settlement Terms………………………………………………………………....6

      How Will the Total Settlement Fund Be Distributed? …………………………………6

      How Will My Settlement Award Be Calculated? ……………………………………… 6

      What Does DSI Have to Do Under the Settlement? ……………………………………7

      What Are the Important Deadlines for this Settlement? ……………………………… 8

      Are There Tax Consequences for Any Money I Get? …………………………………...9

Release of Claims……………………………………………………………………………... 9

      What Claims Am I Releasing? ………………………………………………………… 10

The Settlement Process and Final Approval Hearing ………………………………………….. 10

The Lawyers Representing You and the Class ………………………………………………… 11

      How Will the Lawyers Be Paid? ……………………………………………………… 11

Service Payments to Lawsuit Participants …………………………………………………….. 11

Getting More Information ………………………………………………………………………12

## GENERAL INFORMATION

## PURPOSE OF THIS NOTICE

The purpose of this Notice is to inform you about this litigation, the certification of a class (the "Class"), the terms of a proposed settlement (the "Settlement"), and your rights in connection with a hearing to be held before the Court at 2:00 p.m. on February 10, 2016, to consider the fairness, reasonableness, and adequacy of the Settlement and related matters. This Notice also describes the steps to be taken by those who wish to be excluded from the Class and, for those who remain Class Members, your rights to receive a monetary award and the steps necessary to seek an additional share in the distribution of the Settlement Fund in the event the Settlement is approved by the Court.

## BACKGROUND OF THIS GENDER DISCRIMINATION CLASS ACTION LAWSUIT

On September 12, 2012, Jackie Pena, a former employee of DSI, filed a charge of discrimination against DSI with the United States Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing. On February 11, 2013, Plaintiffs Sara Wellens, Kelly Jensen, Jacqueline Pena, Bernice Giovanni, Lara Hollinger, and Jennifer Bennie ("Named Plaintiffs" or "Class Representatives") filed a complaint with class action allegations against Daiichi Sankyo, Inc. ("DSI") in the United States District Court for the Northern District of California.

After the parties engaged in extensive litigation for more than two years, the parties agreed to a mediation to explore possible resolution of this matter.  Under the supervision of a nationally known and experienced mediator, the parties engaged in settlement negotiations that resulted in the agreement to settle this action as reflected in this Notice of Class Action Settlement and the underlying Settlement Agreement. Because of the extensive discovery conducted between the parties during litigation and the mediation process, the parties were able to reliably assess the merits of their respective positions and to reach a fair and equitable agreement.

Based upon their investigation, Class Counsel and Named Plaintiffs have concluded that the terms of the proposed settlement are fair, reasonable, adequate, and in the best interests of the Class.  In reaching this conclusion, Class Counsel has analyzed the benefits of the settlement and the risk of an unfavorable outcome, as well as the expense and length of continued proceedings necessary to prosecute this action.  DSI has agreed to these settlement terms because it wishes to avoid further costly, disruptive, and time-consuming litigation, and desires to obtain complete and final settlement of the claims of the Named Plaintiffs and Class Members. DSI denies any liability or wrongdoing of any kind associated with the claims alleged in this lawsuit and this Settlement is in no way an admission by DSI that it engaged in any unlawful behavior.

## CLASS DEFINITION – YOU ARE A MEMBER OF THE CLASS

You are a member of the Class affected by the Settlement if you fit within either of the following definitions:

**California Settlement Class**: All female sales force employees who are or were employed in a sales representative and/or first level district manager role, including, without limitation, *Sales Representative; Sales Representative I-V; Sales Specialist; Senior Sales Specialist; Senior Sales Professional; Cardiovascular ("CV") Specialty Sales Representative; CV Specialty Sales Representative I-III; Senior CV Specialty Sales Representative; Senior CV Specialty Sales Professional; Hospital Representative; Hospital Representative I-3; Senior Hospital Sales Representative; Hospital Sales Specialist; and Primary Care, CV, and Hospital District Manager* in DSI's sales organization in California for at least one day between April 16, 2011 and October 16, 2015.

**Non-California Settlement Class**: All female sales force employees who are or were employed in a sales representative and/or first level district manager role, including, without limitation, *Sales Representative; Sales Representative I-V; Sales Specialist; Senior Sales Specialist; Senior Sales Professional; Cardiovascular ("CV") Specialty Sales Representative; CV Specialty Sales Representative I-III; Senior CV Specialty Sales Representative; Senior CV Specialty Sales Professional; Hospital Representative; Hospital Representative I-3; Senior Hospital Sales Representative; Hospital Sales Specialist; and Primary Care, CV, and Hospital District Manager* in DSI's sales organization in the United States for at least one day between April 16, 2011 and October 16, 2015.

You have received this Notice because DSI's records reflect that you fit one of the definitions outlined above, and therefore you are a Class Member in the proposed settlement of this lawsuit. Your rights may be affected by the legal proceedings in this action.

## SUMMARY OF SETTLEMENT TERMS

## How Will the Total Settlement Fund be Distributed?

DSI will pay a total of $8.2 million to settle and satisfy the gender discrimination claims in this case. DSI will set aside $200,000 in order to implement changes to its employment policies and practices. $4.6 million will be paid into an interest bearing Class Settlement Fund. The remaining $3.6 million will be used to reimburse costs and expenses of the litigation, pay Class Counsel's fees as awarded by the Court, pay service payments to the Class Representatives and lawsuit participants, and pay for the administration of the settlement process.

## How Will My Settlement Award Be Calculated?

The Class Settlement Fund of $4.6 million will be divided into two components:

1.      **Core Component**: $3.7 million will be proportionately divided among all Named Plaintiffs and Class Members to compensate them for back pay related to the claims asserted in the case. All Proposed Class Members, including Named Plaintiffs, will receive a monetary award based on a proportionate share of the Core Component. The calculation of each proportionate share will be based on the total workweeks of all Class Members during the damages periods as defined in the Settlement Agreement and the number of workweeks worked by each Class Member during the damages period as defined in the Settlement Agreement. *In order to be eligible for a Core Component monetary award, you do not need to do anything in response to this Notice.*

2.      **Claim Form Component**: An additional $926,200 will be proportionately divided among Named Plaintiffs and Class Members, if eligible, who submit a timely and complete Claim Form for alleged gender, pregnancy, and caregiver discrimination related to denial of promotion to District Manager, harassment, retaliation or emotional distress damages. Within fifteen (15) days after the date the Court grants final approval of the Settlement, a Claim Form will be mailed to each Class Member. *In order to be eligible for a Claim Form Component monetary award, you WILL BE REQUIRED TO COMPLETE the Claim Form and supply information related to your claims within sixty (60) days after the date the Court grants final approval of the Settlement.* If you need assistance in completing your Claim Form, you can get free help by contacting Class Counsel, as listed on page 11.

Thereafter, an Independent Claim Expert shall review the Claim Forms and any evidence submitted in connection with the Claim Forms and allocate a certain number of points to Claimants. Following the finalization of the award of points to Claimants, the Independent Claim Expert shall total the points applicable to all eligible Class Members, total the number of Claims Forms received, determine each eligible Class Member's proportionate share of the total points, and determine the individual monetary award amount based on her individual point total. No Class Member may receive an award under the Claim Form Component of the Agreement that is higher than the limitation on compensatory and punitive damages provided for by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (i.e., $300,000).

6

## What Does DSI Have to Do Under the Settlement?

Under the Settlement Agreement, in addition to the payment of $8,200,000 discussed above, DSI has agreed to programmatic relief provisions whereby the company will retain an independent consultant to review its employment policies and practices with respect to the issues raised by this Lawsuit and look for possible enhancements to those policies and practices.

Programmatic relief provisions include:

1. DSI will provide all employees with a written or electronic communication of commitment to equal employment opportunities, together with copies or an electronic link to policies addressing non-discrimination, anti-harassment, and anti-retaliation. DSI will distribute policies (in hard copy or via an electronic link) that address nondiscrimination, anti-harassment, and anti-retaliation to all employees upon hire, promotion to a management position and to new managers during management training and annually. DSI will require all District Managers and above to undergo training in these policies upon hire and promotion, and every two years.

2. DSI will retain an Independent HR Consultant to review its policies and practices to enhance said policies and practices. The topics the Independent HR Consultant will review concern Flexible Work Arrangements, Pregnancy & Maternity Leave, criteria in Promotions and Career Development, Performance Management, and breastfeeding accommodations. DSI will consider any recommendations made by the consultant and make good faith enhancements to procedures consistent with recommendations.

3. DSI will post all District Manager positions with clear posting of the requirements and qualifications for the role. DSI will also confer with the consultant regarding (1) the amount of time the DM positions will remain posted; and (2) the role that candidates' current managers play in the process of promotion from a sales representative to DM.

4. DSI will continue to support the Women's Forum and continue to maintain the Company's mentoring program. DSI will also provide Women's Forum board members (or equivalent leadership) the opportunity to meet with the consultant for a minimum of two hours to discuss their experiences at the Company and provide input with respect to the areas for reform described herein.

5. DSI will also work with the Independent HR Consultant to develop a training module that will provide guidance to all employees on the appropriate way to treat new mothers returning to work, create a brief hand-out informing returning mothers of their rights and the appropriate procedure to follow if they feel those rights have been violated, investigate methods, such as software, to avoid overpayments to employees on maternity leave and other processes to seek repayment where such overpayments cannot be avoided, identify a resource in HR to whom questions regarding maternity leave policies

7

can be directed, and eliminate the merit increase offset proration for individuals who take medical leaves of absence.

6. DSI will establish an Internal Compliance Panel of senior executives from HR and Legal to meet semiannually to review compliance with above requirements.

7. DSI, through its counsel, will provide a certification to Class Counsel every six (6) months for two years from October 16, 2015 detailing what programmatic changes were actually done.

## What Are the Important Deadlines for this Settlement?

- To participate in the **Core Component** of the monetary relief portion of the settlement, you do not have to do anything.  All Class Members are automatically entitled to a monetary payment.

- **Claim Form Submission – Postmarked by 60 days after the date the Court grants final approval of the Settlement.** To receive an individual monetary award from the Claim Form Component of the Settlement, **YOU WILL BE REQUIRED TO COMPLETE A CLAIM FORM AND PROVIDE DOCUMENTATION OR INFORMATION SUPPORTING YOUR CLAIM.**  A copy of the Claim Form will be mailed to Class Members by 15 days after the date the Court grants final approval of the settlement.  If you complete a Claim Form, then you will be eligible to receive an additional monetary award.  In order to be eligible to receive such an award, you will be required to return your Claim Form and supporting documentation and information postmarked by 60 days after the date the Court grants final approval of the Settlement.  If you need assistance in completing your Claim Form, you can get free help by contacting Class Counsel:   Sanford Heisler Kimpel, LLP, 111 Sutter Street, Suite 975, San Francisco, CA 94104, Tel: (415) 795-2020, Fax: (415) 795-2021.

- **Exclusion – Postmarked by 60 days after the postmark date of this Notice.**  If you want to exclude yourself from the settlement (that is, not receive any money from the settlement, and not be bound by the settlement), you must mail an opt-out statement requesting exclusion, postmarked within 60 days after the postmark date of this Notice, to the Claims Administrator: Rust Consulting, Inc., One Market Plaza, Suite 1275, San Francisco, CA 94105.  The postmark date of the mailing envelope shall be the exclusive means used to determine whether a request for exclusion (opt-out) has been timely submitted.  The request for exclusion must be signed by the Class Member who seeks to opt out and must contain her name, address and telephone number.  No opt-out request may be made on behalf of a group of Class Members.  **If you exclude yourself from this settlement, you will not be eligible to receive any money or be bound by this Settlement**.

- **Objection – Postmarked by 60 days after the postmark date of this Notice.**  You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement.  If the Court denies

approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Wellens et al., v. Daiichi Sankyo, Inc.*, Case Number 3:13-cv-00581-WHO), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before sixty (60) days after the postmark date of this Notice.

<u>Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.</u>

## <u>Are There Tax Consequences for Any Money I Get?</u>

One-half (50%) of each Core Component payment will be deemed wages and reported to the appropriate tax authorities on a IRS Form W-2 issued to the Class Member with her taxpayer identification number, and shall be subject to deductions for applicable taxes and withholdings as required by federal, state, and local law.  The other one-half (50%) of each payment will be deemed non-wage income such as interest and statutory penalties and reported as non-wage income to the appropriate tax authorities on an IRS Form 1099 issued to the Class Member.

One-fourth (25%) of each Claim Form Component payment will be deemed wages and reported to the appropriate tax authorities on a IRS Form W-2 issued to the Class Member with her taxpayer identification number, and shall be subject to deductions for applicable taxes and withholdings as required by federal, state, and local law.  The other three-fourths (75%) of each Claim Form Component payment will be deemed non-wage income such as interest and statutory penalties, and reported as non-wage income to the appropriate tax authorities on an IRS Form 1099 issued to the Class Member.

Any Service Payments shall not be treated as lost wages, but instead shall be treated as compensable damages, including damages for emotional distress and will be subject to an IRS Form 1099.

Class Counsel are not tax advisors and cannot give you advice on any tax matters.  You are responsible for your own taxes.

## <u>RELEASE OF CLAIMS</u>

If the Court grants final approval of the settlement, then all Class Members who do not opt out will release employment claims against DSI set forth in this lawsuit up to the date of the

final settlement.  When claims are "released" it means that a person covered by the release cannot sue DSI for the same claims that are covered by the lawsuit as set forth in the Class Action Complaint and the Settlement Agreement. The terms of release are set forth in Section 3.1(v) and Section 9 of the Settlement Agreement.  You may obtain a copy of the Settlement Agreement by contacting Class Counsel, as listed on page 11, or you can view the Settlement Agreement in hard copy in the Office of the Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.

## **What Claims Am I Releasing?**

Unless you exclude yourself from the settlement, the released claims include, but are not limited to claims of alleged employment discrimination based on gender or sex and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); the California Fair Housing and Employment Act, California Government Code § 12940 *et seq.* ("FEHA");  the California Business and Professions Code §§ 17200-17208; the California Equal Pay Act, California Labor Code § 1197.5 *et seq.* and any other federal, state, or local statutes, common law, or regulation relating to gender-based employment discrimination, sexual harassment or retaliation.

By cashing your individual monetary award check, you will also be deemed to join the portion of this action brought under the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (the "Equal Pay Act" or "EPA") and will release claims of alleged gender discrimination under the EPA.  If you do not cash your individual monetary award check, you will not release any EPA claims. However, unless you exclude yourself from the settlement, you will release the other claims affected by the settlement regardless of whether you cash your individual monetary award check.

## **THE SETTLEMENT PROCESS AND FINAL APPROVAL HEARING**

Every class action must be approved by the court that presided over the class action lawsuit.  Thus far, the Court has only decided that the proposed settlement may be fair and, therefore, justifies the sending of this Notice of Class Action Settlement.  A Final Approval Hearing will be held at 2:00 p.m. on February 10, 2016, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102.  This date may change without further notice to the Class. You are advised to check the settlement website or the Court's PACER site to confirm that the date has not been changed. You may, but are not required to attend this hearing.  You may also enter an appearance in the case through your own attorney, if you so desire, which appearance must be filed with the Clerk's office and served on the Claims Administrator and Class Counsel so that it is received at least fourteen (14) days before the Final Approval Hearing in order for your attorney to be heard.

**THE LAWYERS REPRESENTING YOU AND THE CLASS**

As a Class Member, you are represented in this litigation by Class Counsel, as follows:

> David Sanford, Esq. (*Pro Hac Vice*)
> Felicia Medina, Esq.
> Yonina Alexander, Esq.
> Sanford Heisler Kimpel, LLP
> 111 Sutter Street, Suite 975
> San Francisco, CA 94104
> Phone:  (415) 795-2020
> Fax:      (415) 795-2021

Unless you elect to exclude yourself from the Settlement, you will continue to be represented by Class Counsel in connection with implementation and monitoring of the Settlement throughout the two-year term of the Settlement at no cost to you.

**How Will the Lawyers Be Paid?**

In connection with the Settlement, the Court will award Class Counsel reasonable attorneys' fees and expenses out of the Total Settlement Fund. If you are a Class Member and receive an award from the Settlement Fund, you will not owe any fees or expenses to the lawyers who have represented you as part of the Class. The attorneys' fees and expenses of Class Counsel, as awarded by the Court, will be paid only from the Total Settlement Fund and only if and after the Settlement has been approved by the Court.

As is routine in class action cases, Class Counsel will request an award of attorneys' fees and expenses already incurred as well as the fees and expenses that will be incurred during the two-year term of the Settlement.  These substantial fees and expenses have been incurred as Class Counsel have pursued these claims on behalf of Plaintiffs and the Class for three years without receiving any compensation for their services or reimbursement of their out-of-pocket litigation expenses. Class Counsel have undertaken significant risks in pursuing this matter. They have done so with the understanding that, if they obtained a recovery for the Class, their expenses would be reimbursed and they would receive fees from the fund recovered. Accordingly, Class Counsel will request that the Court award them $3,000,000 for attorneys' fees and expenses.

**SERVICE PAYMENTS TO LAWSUIT PARTICIPANTS**

Class Counsel will apply for service payments of $25,000 each for the Class Representatives to compensate them for the time and effort they devoted to representing the Class in this case, including the time they spent consulting with Class Counsel about the case. Neither the size nor any conditions placed on the service payments undermine the adequacy of the class representatives.  In addition, Class Counsel will apply for service payments of $1,000 each for the Class Members who submitted a declaration in support of Plaintiffs' Motion for Conditional Certification and $5,000 each for the Class Members who were deposed to

compensate them for the time and effort they devoted to the case. These payments will come from the Total Settlement Fund.

## GETTING MORE INFORMATION

If you have further questions or are still not sure whether you are included, you can get free help by contacting Class Counsel in this case at the contact numbers/address listed on page 11. You may also contact the Claims Administrator as follows:

Claims Administrator
Rust Consulting, Inc.
One Market Plaza, Suite 1275
San Francisco, CA 94105
Phone: (612) 359-2000
Fax:    (612) 359-2050
Website: www.rustconsulting.com

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at [Claims Administrator created website], by contacting Class Counsel at the numbers/address listed on page 11, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, San Francisco, CA 94201, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. This Notice, the motions for approval and for attorneys' fees and any other important documents in the case are also available at www.sanfordheisler.com.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

Dated: October 16, 2015

The Honorable William H. Orrick
United States District Judge