David Sanford (*Pro Hac Vice*)
**SANFORD HEISLER KIMPEL, LLP**
1666 Connecticut Ave. NW, Suite 300
Washington, DC 20009
Telephone: (202) 499-5200

Felicia Medina (SBN 255804)
fmedina@sanfordheisler.com
Yonina Alexander (SBN 284908)
yalexander@sanfordheisler.com
Danielle Fuschetti (SBN 294064)
dfuschetti@sanfordheisler.com
**SANFORD HEISLER KIMPEL, LLP**
111 Sutter Street, Suite 975
San Francisco, CA 94104
Telephone: (415) 795-2020

*Attorneys for Plaintiffs and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA WELLENS, KELLY JENSEN, JACQUELINE PENA, BERNICE GIOVANNI, LARA HOLLINGER, and JENNIFER BENNIE on behalf of themselves and all others similarly situated,<br><br>    **Plaintiffs**,<br><br>v.<br><br>DAIICHI SANKYO,<br><br>    **Defendant**. | No. C 13-00581 WHO (DMR)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT, AND MOTION FOR FEES, REIMBURSEMENT OF EXPENSES AND SERVICE PAYMENTS**<br><br>**Hearing Date: February 10, 2016**<br>**Hearing Time: 2:00pm** |

The Court heard argument on preliminary approval of the proposed Class Settlement in this matter on September 30, 2015. On October 15, 2015, the Court granted the Parties' requests to modify the class definition by extending the starting-date of the class period for both the California and non-California Classes to April 16, 2011. Docket No. 180. On October 16, 2015, the Court conditionally certified a Rule 23 class, certified the Equal Pay Act collective

action, granted preliminary approval to the proposed Class Settlement, and set a schedule for Class Notice and Final Approval.   Docket No. 181.   On January 6, the Court granted the Parties' request to amend the Class Notice and schedule for final approval.  Docket No. 183.

The Court conducted a final fairness hearing on February 10, 2016 on Plaintiffs' Motion for Final Approval of Class Action Settlement and Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards. ("Plaintiffs' Motions").  The Court has reviewed Plaintiffs' briefs and supporting declarations, and heard arguments presented by Counsel.  For the reasons cited below, the Court grants final certification to the conditionally certified classes and final approval of the Class Settlement as amended by the Joint Stipulation and Order Regarding Class Period of Settlement (the "Settlement").  The Court finds the Class Settlement to be fair, reasonable and adequate.  The Court also grants Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards.  Finally, the Court retains jurisdiction as described in paragraph 30 below.

It is hereby **ORDERED**:

## I.    JURSIDICTION

1.    This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the Settlement Class, as defined below.

## II.    FINAL CERTIFICATION OF SETTLEMENT CLASSES

2.    The proposed Settlement Classes are as follows:

California Settlement Class: All female sales force employees who are or were employed in a sales representative and/or first level district manager role, including, without limitation, Sales Representative; Sales Representative I-V; Sales Specialist; Senior Sales Specialist; Senior Sales Professional; Cardiovascular ("CV") Specialty Sales Representative; CV Specialty Sales Representative I-III; Senior CV Specialty Sales Representative; Senior CV Specialty Sales Professional; Hospital Representative; Hospital Representative I-3; Senior Hospital Sales Representative; Hospital Sales Specialist; and Primary Care, CV, and Hospital District Manager in DSI's sales organization in California for at least one day between April 16, 2011 and October 16, 2015.

Non-California Settlement Class: All female sales force employees who are or were employed in a sales representative and/or first level district manager role, including, without limitation, Sales Representative; Sales Representative I-V; Sales Specialist; Senior Sales Specialist; Senior Sales Professional;

Cardiovascular ("CV") Specialty Sales Representative; CV Specialty Sales Representative I-III; Senior CV Specialty Sales Representative; Senior CV Specialty Sales Professional; Hospital Representative; Hospital Representative I-3; Senior Hospital Sales Representative; Hospital Sales Specialist; and Primary Care, CV, and Hospital District Manager in DSI's sales organization in the United States for at least one day between April 16, 2011 and October 16, 2015.

3.      Members of the Settlement Classes allege claims for gender discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"), the Equal Pay Act, 29 U.S.C. §§ 206 et seq. ("The Equal Pay Act") and, with respect to the California Settlement Class, the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 et seq.

4.      The Court FINDS and CONCLUDES that the Settlement Classes described above satisfy all of the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Accordingly, the Court CERTIFIES these Settlement Classes under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

5.      The Court FINDS and CONCLUDES that the Settlement Class Members who have returned Consent-to-join forms are similarly situated. The Court designates those Settlement Class Members who have returned Consent-to-join forms as a final certified collective action under the Equal Pay Act, 29 U.S. Code § 206, pursuant to 29 U.S. Code § 216(b).

## III.      FINAL APPROVAL OF CLASS SETTLEMENT

6.      Except as otherwise stated, the Court incorporates by reference the defined terms in the Settlement.   Docket Nos. 175 & 180.

7.      The Court finds that this action satisfies the requirements for the settlement of a class action under Federal Rule of Civil Procedure 23 and under the Equal Pay Act, 29 U.S. Code § 206, pursuant to 29 U.S. Code § 216(b), and finds that the Classes have at all times been adequately represented by the Named Plaintiffs and Class Counsel.

8.      The Class Notice approved by the Court was provided by First Class mail to the last-known address of each of the individuals identified as Class Members.  In addition, follow-up efforts were made to send the Notice to those individuals whose original Notices were

returned as undeliverable.  The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for service awards to the Class Representatives, and Class Counsel's request for an award of attorneys' fees and costs.  On January 6, the Court approved an Amended Notice of a Proposed Class Action Settlement and a Notice of Amended Deadline to Object, which informed Class Members of this amendment to the objection deadline.  On January 7, the Amended Notice of a Proposed Class Action Settlement was posted to the Class website and the Notice of Amended Deadline to Object was mailed to Class Members' last known addresses.  The Court finds that the Notice described herein fully complied with Rule 23 and §216(b), was the best notice practicable, satisfied due process, and provides the Court with jurisdiction over Class Members.

9.     The Court has assessed the proposed Settlement in light of: (1) the strength of Plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in the settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement.

10.     The Court finds that the terms of the Agreement are fair, reasonable, and adequate in all respects.  The Court specifically finds that the programmatic and monetary relief of the Settlement are reasonable in light of the types and amounts of relief offered, the strength of Plaintiffs' and the Class Members' claims, and the risk, expense, complexity, and duration of further litigation.  The Court confirms its previous finding that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of Plaintiffs and Defendant, after thorough factual and legal investigation.

11.     No Class Members have objected to any aspect of the Settlement, nor to any request in the Motion for Attorneys' Fees, Reimbursement of Expenses, and Service Awards. The reaction of the Class also supports the conclusion that the Settlement is fair, reasonable, and adequate.

12.     The individuals who timely opted out of the Settlement are identified in Exhibit

1   to this Order.  These individuals are excluded from the Settlement and are not bound by its

2   terms.

3        13.    The Court approves the *cy pres* recipient identified in the Settlement, the Legal

4   Aid Society Employment Law Center and the Justice and Diversity Center of the Bar

5   Association of San Francisco.

6        14.    The Settlement is HEREBY APPROVED in its entirety.

7   **IV.    ATTORNEYS' FEES AND COSTS**

8        15.    On January 13, 2016, Class Counsel filed a Motion for Attorneys' Fees,

9   Reimbursement of Expenses and Service Awards.  Counsel is requesting an award of

10  $3,000,000 in attorneys' fees and unreimbursed litigation expenses, the maximum permitted

11  under the Settlement.  Of this amount, Plaintiff's requested unreimbursed expenses comprise

12  $125,662.55, and their requested fees comprise $2,874,337.45.

13       16.    Plaintiffs' motion for attorneys' fees and costs is granted.

14       17.    Plaintiffs are a "prevailing party" for purposes of awarding attorneys' fees

15  pursuant to 42 U.S.C. § 2000e-5(k).

16       18.    The lodestar method is an appropriate means of calculating attorneys' fees in this

17  case.

18       19.    The number of hours that Class Counsel spent on this case was reasonable in

19  light of the length and complexity of the litigation and the excellent result obtained.

20       20.    The rates used by Class Counsel are reasonable, and are in line with attorneys of

21  comparable skill, experience, and reputation who practice in the Northern District of California.

22  The amount of attorneys' fees requested is reasonable, particularly in light of the fact that Class

23  Counsel's requested fees are less than two-thirds (2/3) of their total lodestar and Class Counsel

24  is not seeking any additional fees for their anticipated continued work in helping to administer

25  compliance with the Settlement and the Claims Form Process.

26       21.    The attorneys' fees awarded herein are also reasonable under the percentage-of-

27  the-fund method of determining appropriate fees based on the complexity and duration of the

28  litigation, the risk associated with it, Class Counsel's skill and experience, and the important

1    injunctive and monetary relief that Class Counsel obtained in this case.

2        22.    The costs and expenses incurred by Class Counsel are reasonable and are the

3    type that would normally be charged by an attorney to a fee-paying client.

4        23.    Accordingly, IT IS HEREBY ORDERED that Class Counsel are awarded

5    $2,874,337.45 in attorneys' fees and $125,662.55 in unreimbursed expenses.   Defendant is

6    ordered to pay these amounts as agreed in the Settlement Agreement.

7    **V.    SERVICE AWARDS**

8        24.    On January 13, 2016, Class Counsel filed a Motion for Attorneys' Fees,

9    Reimbursement of Expenses and Service Awards.   Plaintiffs request a service award of $25,000

10   for each Class Representative, $6,000 for each member of the opt-in class who both was

11   deposed and submitted a declaration in support of Plaintiffs' Motion for Equal Pay Act

12   Conditional Collective Action Certification (Docket No. 78) ("deposed declarants"); $5,000 for

13   each   member of the opt-in class who was deposed but did not submit a declaration

14   ("deponents"); and $1,000 for each member of the opt-in class who submitted a declaration and

15   was not deposed ("declarants").   A list of the names and corresponding service awards

16   requested is attached as Exhibit 2 hereto and is incorporated by reference into this Order.

17       25.    In evaluating the reasonableness of a service award, courts consider factors such

18   as: (1) the actions the plaintiff has taken to protect the interests of the class; (2) the degree to

19   which the class has benefitted from those actions; (3) the duration of the litigation and the

20   amount of time and effort the plaintiff expended in pursing it; and (4) the risks to the plaintiff in

21   commencing the litigation, including reasonable fears of workplace retaliation, personal

22   difficulties, and financial risks.

23       26.    The Court finds that the Named Plaintiffs' requests for service payments are

24   reasonable in light of their time and effort pursuing this litigation, the substantial benefit to the

25   Class from the Settlement, and the risks that they have faced in representing the Class.

26       27.    Accordingly, IT IS HEREBY ORDERED that: Sara Wellens, Kelly Jensen,

27   Jacqueline Pena, Bernice Giovanni, Lara Hollinger, and Jennifer Bennie will each receive a

28   service award of $25,000; Lisa Gonzalez, Sherri Harris, Jacquelynne Holmes, Lisa Propper, and

Carol Vaughn will each receive a service award of $6,000; Hallie Blakey, Gwenn Ricchio, and Lisa Wyka will each receive a service award of $5,000; and Joyce Bagley, Kristi Bednar, Jamie Carter, Autumn Connot, Michelle Dempsey, Kari Dyjak, Cheri Green, Eunice Hawkins-Kimmel, Lewanna Heard, Parthenia Holly, Gabrielle Jones, Shannon Korando, Brenda Maher, Lisa Meleski, Julie McMahon, Jennifer Pickens, Marina Rademacher, Courtney Ronay, Carole Ward, and Deah Webster will each receive a service award of $1,000.

## VI.   **FINAL JUDGMENT**

28.    The Court hereby enters Judgment approving the terms of the Class Settlement and granting Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Service Awards, as set forth herein.

29.    This document shall constitute a final judgment for the purposes of Rule 58 of the Federal Rules of Civil Procedure.

30.    The Court will retain jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement for (2) years following the "Effective Date," as defined in Section 3.1(r) of the Settlement Agreement.

## VII.   **APPROVAL OF CLAIMS FORM AND CLAIM FORM PROCESS**

31.    The Settlement creates a Claim Form Process that will allow class members to recover some measure of their proportional damages, in addition to the amount they receive through the Core Component. The question of whether to approve the Claim Form, attached as Exhibit 3 hereto, and the Claim Form Process is also before the Court.

32.    The Court finds the Claim Form and the Claim Form Process to be a fair, reasonable and adequate feature of the Settlement.

33.    The Claim Form is hereby APPROVED.

34.    The process for distributing the Claim Form, outlined in Sections 5.1-5.3 and 8.1, 8.3, 8.4 of the Settlement and incorporated by reference hereby, is also APPROVED. The Claim Form Process will be conducted in conformance with the process set forth in Sections 5.1-5.3 and 8.1, 8.3, 8.4 of the Settlement.

1

Accordingly, IT IS HEREBY ORDERED as follows:

2

Plaintiffs Motion for Final Approval of Class Settlement and Plaintiffs Motion for

3

Attorneys' Fees, Reimbursement of Expenses, and Service Awards are both GRANTED.

4

Accordingly, (1) the Settlement Classes and collective action identified herein are finally

5

certified; (2) the Settlement is granted final approval; (3) Class Counsel are awarded attorneys'

6

fees and reimbursement of expenses in the amount of $3,000,000; (4) service payments are

7

awarded to Class Representatives, Deposed-Declarants, Deponents, and Declarants consistent

8

with Section V of this Order; and (5) the Claim Form Process as set forth in the Settlement is

9

approved.

10

11

12

DATED: February 11, 2016

13

HON. WILLIAM H. ORRICK
UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

The following class members have opted out and are therefore not bound by the terms of Settlement:

1. Amanda Ricci

2. Staci Balanay

3. Brandi Roy Kimble

# Exhibit 2

## SERVICE PAYMENT LIST

## DECLARANTS

| | | |
|---|---|---|
| 1. Joyce Bagley | 8. Eunice Hawkins-Kimmel | 15. Julie McMahon |
| 2. Kristi Bednar | 9. Lewanna Heard | 16. Jennifer Pickens |
| 3. Jamie Carter | 10. Parthina Holly | 17. Marina Rademacher |
| 4. Autumn Connot | 11. Gabrielle Jones | 18. Courtney Ronay |
| 5. Michelle Dempsey | 12. Shannon Korando | 19. Carole Ward |
| 6. Kari Dyjak | 13. Brenda McIntrye | 20. Deah Webster |
| 7. Cheri Green | 14. Lisa Meleski | |

## DEPOSED-DECLARANTS
1   Lisa Gonzalez
2   Sherri Harris
3   Jacquelynne Holmes
4   Lisa Propper
5   Carol Vaughn

## DEPOSED OPT-INS

1.   Hallie Blakey
2.   Gwen Ricchio
3.   Lisa Wyka

## CLASS REPRESENTATIVES

1.   Jennifer Bennie
2.   Bernice Giovanni
3.   Lara Hollinger
4.   Kelly Jensen
5.   Jacqueline Pena
6.   Sara Wellens

# Exhibit 3

# CONFIDENTIAL CLAIM FORM

## *WELLENS, ET AL. v. DAICHI SANKYO, INC.*

> **Your Claim Form must be returned POSTMARKED by no later than [Insert date, which is 60 days after Final Approval Date]. Enclosed is a self-addressed stamped envelope for returning a Claim Form.**

If you are a woman who is, or was, employed as a SALES REPRESENTATIVE or DISTRICT MANAGER for DAIICHI SANKYO, INC. in the United States at any time from APRIL 16, 2011 through October 16, 2015, you may be eligible for a monetary award from the claims process of this settlement.

You DO NOT have to submit this Claim Form to receive a monetary award for the **CORE COMPONENT** of this settlement, described in the Class Action Settlement Notice previously sent to you. The check for the Core Component will be mailed to you shortly.

HOWEVER, you may be eligible to receive an ADDITIONAL MONETARY AWARD for promotion discrimination, harassment, retaliation and emotional distress from the claims process of this settlement. *In order to receive an additional monetary award, you must complete and submit timely answers to the applicable questions in this CLAIM FORM*, describing:

A.   Gender, pregnancy, or caregiver discrimination you experienced at Daiichi Sankyo related to **PROMOTIONS TO DISTRICT MANAGER**;

B.   **HARASSMENT** you experienced at Daiichi Sankyo related to your gender and/or pregnancy or caregiver status;

C.   **RETALIATION** by Daiichi Sankyo against you for complaining about or opposing gender, and/or pregnancy/caregiver discrimination or harassment, or for participating in an investigation or a legal process concerning gender and/or pregnancy/caregiver discrimination or harassment; and/or

D.   **EMOTIONAL DISTRESS** stemming from instances of discrimination or harassment based on gender and/or pregnancy/caregiver status, or stemming from retaliation for complaining of, opposing, testifying or participating in an investigation or legal process relating to gender and/or pregnancy/caregiver discrimination or harassment. Discrimination is any form of different or unfair treatment to which you were subjected because of your status as a woman, your pregnancy, or your caregiver status.

> **California Class Members**
> If you were employed with Daiichi Sankyo in California and are the intended recipient of this Claim Form, you are a "California Class Member." Your Claim Form answers must be based on facts occurring between February 11, 2009 and October 16, 2015.
>
> **Non-California Class Members**
> If you were employed with Daiichi Sankyo in the United States, excluding California, and are the intended recipient of this Claim Form, you are a "Non-California Class Member." Your Claim Form answers must be based on facts occurring between September 12, 2010 and October 16, 2015.
>
> **Note:** Claims arising before or after the "relevant time period" (February 11, 2009 and October 16, 2015 for California Class Members, and September 12, 2010 and October 16, 2015 for Non-California Class Members) are not eligible for compensation through this claim form process.

If your address is different from that printed on the label or if you did not receive this Claim Form in the mail, please write your accurate and complete address information below.

Full Name: _____
*First/Middle Initial/Last Name*

Address: _____
*Street Address, including any apartment or box number*

_____
*City State Zip Code*

## <u>CLAIM FORM INSTRUCTIONS</u>

Fill out Sections A through D to the extent that they apply to you. For example, you do not need to fill out Section A unless you were denied a promotion to District Manager during the relevant time period. **Your completion of Section E is <u>required</u> for you to participate in the claims process.** The monetary award that you receive will be determined based on a combination of your answers to these questions, your supporting documentation, and your work history at Daiichi Sankyo.

Make sure to ***sign and date*** your Claim Form in Section E. You may use additional sheets of paper to answer any question on the Claim Form. If you do so, please be sure to put your name, social security number, and the question number on each additional sheet of paper you include with your Claim Form.

All information contained in this Claim Form will be kept strictly CONFIDENTIAL. Answers will only be reviewed by the Independent Claim Expert (and Class Counsel if desired), to make determinations regarding your monetary award from the claims process of this settlement. Your answers and documentation will NOT be disclosed to Daiichi Sankyo.  You will not be subject to any retaliation for your completion of these questions.

The Independent Claim Expert will allocate points to each eligible Class Member who submits a Claim Form. You will receive points based upon the information you provide in your answers about gender, pregnancy, or caregiver discrimination or harassment at Daiichi Sankyo. You will also receive points for information pertaining to retaliation you experienced at Daiichi Sankyo for complaining of or opposing gender and/or pregnancy/caregiver status discrimination or harassment or for participating in an investigation or a legal process concerning gender and/or pregnancy/caregiver status discrimination or harassment. If you provide detailed information and supporting documentation for your answers you may receive additional points. Claimants will also be eligible to receive additional points for information provided about emotional harm suffered as a result such discrimination, harassment or retaliation.

**<u>DEADLINE TO SUBMIT</u>: In order to be eligible to receive a settlement award from the Claim Form Component of the Settlement through this claims process, you must return this Claim Form postmarked on or before [Insert date, which is 60 days after Final Approval Date], to:**

**WELLENS v. DAIICHI SANKYO, INC.
SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING INC - 4918
PO BOX 2396
FARIBAULT MN 55021-9096**

**<u>NEED ASSISTANCE?</u> If you need assistance in completing your Claim Form, you can get free help by contacting Class Counsel: Sanford Heisler Kimpel, LLP, 111 Sutter Street, Suite 975, San Francisco, CA 94104, Tel: (415) 795-2020, Fax: (415) 795-2021, www.sanfordheisler.com.**

## SECTION A

## PROMOTIONS TO DISTRICT MANAGER

**INSTRUCTIONS**: **Class Members who were or are SALES REPRESENTATIVES who believe they experienced discrimination in PROMOTION TO DISTRICT MANAGER based on their gender and/or pregnancy/caregiver status, please answer Question 1.**

*Please only fill out this section if it applies to you. You must submit your Claim Form by [Insert date, which is 60 days after Final Approval Date] to be eligible for a monetary award.*

1.  At any time from February 11, 2009 (for California Class Members) or September 12, 2010 (for Non-California Class Members) through October 16, 2015, were you discriminatorily denied or dissuaded from applying for a promotion(s) to District Manager at Daiichi Sankyo that you believe you were qualified for?

    If "Yes," please explain.  Relevant information can include: the position title, approximate date, whether or not you were interviewed, the name, gender, and qualifications of the person who received the position, if known, any reasons that you feel suggest that this was the result of discrimination on the basis of your gender and/or pregnancy/caregiver status, how you applied for the position, why you believe you were deserving of the position, and whether you were prevented from applying for the position because you were not aware of it or did not receive support from your direct manager.

    *You may, but are not required to, provide supporting documentation. If you cannot provide all relevant information on this page, please append any additional information that you deem relevant to your Claim Form.*

# SECTION B

# HARASSMENT

**INSTRUCTIONS: Class Members who believe they were subjected to HARASSMENT on the basis of their gender and/or pregnancy/caregiver status, please answer Question 2.**

*Please only fill out this section if it applies to you. You must submit your Claim Form by [Insert date, which is 60 days after Final Approval Date] to be eligible for a monetary award.*

2. At any time from February 11, 2009 (for California Class Members) or September 12, 2010 (for Non-California Class Members) through October 16, 2015, do you believe that you were subjected to harassment or a hostile work environment on the basis of gender and/or pregnancy/caregiver status at Daiichi Sankyo?

If "Yes," please explain. Relevant information can include: the approximate date(s) of each occurrence, the manager(s) or employee(s) involved, and any specifics about the situation; and/or whether you complained about the harassment, the approximate date(s) you made the complaint(s), the manager(s), employee(s), Human Resources representatives or other agents you complained to, whether the harassment continued after your complaint(s), and any reasons you have for believing this harassment was motivated by your gender and/or pregnancy/caregiver status.

*You may, but are not required to, provide supporting documentation. If you cannot provide all relevant information on this page, please append any additional information that you deem relevant to your Claim Form.*

# SECTION C

# RETALIATION

**INSTRUCTIONS**: **Class Members who believe Daiichi Sankyo RETALIATED against them for opposing gender, pregnancy, or caregiver discrimination or harassment, please answer Questions 3-4.**

*Please only fill out this section if it applies to you. You must submit your Claim Form by [Insert date, which is 60 days after Final Approval Date] to be eligible for a monetary award.*

3.   At any time from February 11, 2009 (for California Class Members) or September 12, 2010 (for Non-California Class Members) through October 16, 2015, did you ever complain of, oppose or object to gender, pregnancy, or caregiver discrimination or harassment or participate in an investigation or a legal process concerning gender, pregnancy or caregiver discrimination or harassment at Daiichi Sankyo?

If "Yes, please explain.  Relevant information can include: any complaint, opposition, report or refusal to participate in gender, pregnancy, or caregiver discrimination or harassment; any testimony or participation in any investigation, proceeding, lawsuit, or hearing, whether in connection with this lawsuit or any other complaint of gender, pregnancy, or caregiver discrimination or harassment; or any lawsuit, complaint or charge filed by you or on your behalf with any government agency (e.g., Equal Employment Opportunity Commission) alleging gender, pregnancy, or caregiver discrimination or harassment, whether in connection with this lawsuit or any other complaint of gender, pregnancy, or caregiver discrimination or harassment.

*You may, but are not required to, provide supporting documentation. If you cannot provide all relevant information on this page, please append any additional information that you deem relevant to your Claim Form.*

4.  If you replied "Yes" to Question 3 do you believe that you were retaliated against for complaining of or opposing gender, pregnancy or caregiver discrimination or harassment or for participating in an investigation or a legal process concerning gender, pregnancy or caregiver discrimination or harassment?

If "Yes," please explain.  Relevant information can include a description of the retaliation, including the approximate date(s) of each occurrence; the date(s) of your complaint, opposition, report, testimony, participation in an investigation or legal process, or refusal to participate in gender, pregnancy, or caregiver discrimination; the manager(s) or employee(s) involved; whether you complained about the retaliation and if it continued after your complaints; and any specifics about the situation.

*You may, but are not required to, provide supporting documentation. If you cannot provide all relevant information on this page, please append any additional information that you deem relevant to your Claim Form.*

# SECTION D

# MEDICAL AND/OR PSYCHOLOGICAL EFFECTS (COMPENSATORY DAMAGES)

**INSTRUCTIONS:** Class Members who believe they experienced MEDICAL AND/OR PSYCHOLOGICAL EFFECTS of discrimination, harassment, or retaliation related to gender and/or pregnancy/caregiver status, please answer Questions 5-9.

*Please only fill out this section if it applies to you. You must submit your Claim Form by [Insert date, which is 60 days after Final Approval Date] to be eligible for a monetary award.*

**NOTE:** **All medical information will be kept strictly CONFIDENTIAL. It will not be disclosed to Daiichi Sankyo. It will be reviewed by a Court approved Independent Claim Expert to make determinations regarding your monetary award.**

5. a.   Do you contend that you have experienced physical, emotional, or psychological effects or damages as a result of discrimination or harassment based on gender, pregnancy, or caregiver status?

5. b.   Do you contend that you have experienced physical, emotional, or psychological effects or damages as a result of retaliation for opposing or complaining of gender, pregnancy, or caregiver discrimination or harassment or for providing testimony or participating in an investigation or legal process pertaining to gender and/or pregnancy/caregiver discrimination or harassment?

5. c.   If you answered yes to either Questions 5a or 5b, describe the discrimination or retaliation. *If you have already described the discrimination, harassment or retaliation in Sections A through C, please do NOT describe it again*.

**If you answered "No" to Question 5(a) or (b), please skip the remainder of this section.**

6. If you answered yes to Question 5(a) or 5(b), please describe your emotional distress symptoms, e.g. stress, anxiety, depression, loss of sleep, etc.

*You may, but are not required to, provide supporting documentation. If you cannot provide all relevant information on this page, please append any additional information that you deem relevant to your Claim Form.* **All medical information will be kept strictly confidential.**

7.  At any time from February 11, 2009 (for California Class Members) or September 12, 2010 (for Non-California Class Members) through October 16, 2015, did you see a medical doctor, medical practitioner, psychiatrist, psychologist or any other mental health professional because of any physical, emotional or psychological effects you believe were caused by any conduct you allege in this Claim Form as gender, pregnancy, or caregiver discrimination or harassment, or retaliation?

If "Yes," please explain.  Relevant information can include the name(s) and address(es) of each medical or mental health professional you have seen, the number of times you sought treatment, the duration (time period) of any treatment, any diagnosis, and whether medication or any other treatment regimen was prescribed.

*You may, but are not required to, provide supporting documentation. If you cannot provide all relevant information on this page, please append any additional information that you deem relevant to your Claim Form.* **All medical information will be kept strictly confidential.**

8.  Have you suffered any short-term or long-term disability related to the physical, emotional or psychological effects of any conduct you allege in this Claim Form as gender, pregnancy, or caregiver discrimination or harassment or retaliation?

If "Yes," please explain.  Relevant information can include the diagnosis, the duration (time period) of the disability, and the economic (lost wages) or non-economic harm of the disability.

*You may, but are not required to, provide supporting documentation. If you cannot provide all relevant information on this page, please append any additional information that you deem relevant to your Claim Form. **All medical information will be kept strictly confidential.***

9.  Have you incurred any monetary costs for any medical or psychological treatments or prescriptions you sought as a result of the physical, emotional or psychological effects of any conduct you allege in this Claim Form as gender, pregnancy, or caregiver discrimination or harassment or retaliation?

If "Yes," please explain.  Relevant information can include the amount of cost(s) and what any cost(s) was/were incurred for.

*You may, but are not required to, provide supporting documentation. If you cannot provide all relevant information on this page, please append any additional information that you deem relevant to your Claim Form.* ***All medical information will be kept strictly confidential.***

## SECTION E

## SWORN AFFIRMATION AND SIGNATURE

I, _____, DECLARE UNDER PENALTY OF PERJURY THAT THE INFORMATION AND FACTS I HAVE STATED IN THIS CLAIM FORM ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

I understand that I must keep the Claims Administrator informed of my current address and of any change in my home address.  If I do not do so, I understand that I may not receive any award that I might otherwise be entitled to receive.

Executed this _____ day of _____, 2016.

_____
Signature of Claimant

_____
Typed or Printed Name of Claimant

_____
Social Security Number of Claimant

WHEN YOU HAVE COMPLETED THIS CLAIM FORM, PUT IT IN THE SELF-ADDRESSED STAMPED ENVELOPE PROVIDED (PLEASE PROVIDE ADEQUATE POSTAGE AS NECESSARY DEPENDING ON THE AMOUNT OF DOCUMENTS YOU ARE SENDING) AND ENSURE THAT IT IS POSTMARKED BY NO LATER THAN [Insert date, which is 60 days after Final Approval Date]:

WELLENS v. DAIICHI SANKYO, INC.
SETTLEMENT ADMINISTRATOR
C/O RUST CONSULTING INC - 4918
PO BOX 2396
FARIBAULT MN 55021-9096